Buchoz *v.* Grandjean and Grandjean.

## BUCHOZ *v.* GRANDJEAN AND GRANDJEAN.

A partner cannot submit partnership matters to arbitration without a special authority for that purpose from his copartners.

ERROR to Wayne Circuit Court. Henry and Gustave Grandjean, who were partners, sued Buchoz in the court below, in assumpsit on an award. On the trial of the cause, the plaintiffs below, after having introduced evidence of the submission to arbitration by Buchoz and Henry Grandjean, on behalf of himself and Gustave, who was not present when the submission was entered into, offered the award of the arbitrators in evidence, which was objected to by defendant's counsel, for the reason, that no authority was shown by Henry from Gustave to enter into the submission for him, Gustave. The objection was overruled, and the award received in evidence.

*Bishop and Hawkins*, for plaintiff in error.

*Goodwin*, for defendants in error.

*By the court*, MUNDY, J. The reason for the ruling of the court, as appears from the bill of exceptions, was, " that if the defendant chose to submit for the consideration of the arbitrators, matters existing and in dispute between him and the two Grandjeans, he could do so: and if he did so, and the account was made out in the name of the two Grandjeans and himself, and submitted without objection on his part,

he could not now object that Henry Grandjean was not authorized to act in behalf of himself and brother, as partners." Such conduct on the part of Buchoz might amount to an admission that Henry and Gustave were partners. It showed that he had treated them as such, and then considered them, as such: but it would not amount to an admission that Henry was authorized by his copartner to submit for him. Buchoz might have supposed, and he undoubtedly acted upon the supposition, that the submission was mutually binding upon the parties interested in the matters submitted; and, so far as his rights and his liabilities were concerned, he was only interested to know, that the submission was such that under it a valid award might be made; that that which he sought, a final settlement of the matters in difference between himself and the Grandjeans, might be amicably effected.

His conduct, it appears to me, is free from all suspicion: the dishonesty, if any there was, was upon the other side; and it would be a strange perversion of justice to determine that an award made under such circumstances, while it could not be enforced against Gustave Grandjean, should be binding upon Buchoz.

In the case of Eastman v. Burleigh and Burleigh, 2 N. H. Rep. 484, the parties entered into a rule before a magistrate for a reference of the matters in controversey between them, but the agreement to refer was signed by " Daniel Burleigh, for himself and William Burleigh," and the rule recited that " Daniel Burleigh, for himself and brother, William Burleigh," on the one part, applied for it. It nowhere appearing in the proceedings that Daniel had any authority from William to enter into the rule, or that William had any thing to do with the proceedings, the supreme court reversed the judgment upon the ground, that the award being, as to William, a mere nullity, it was not final as between the parties to it, and was, therefore, void. Woodbury, J., in delivering the opinion of the court, said: " It is now too late for William, after the award is in his favor, to ratify the doings of his brother;" and this was based upon the ground that a suit would lie in his favor upon the claims submitted: and thus the award not only fail to be final as to him, but lose all the mutuality intended by the plaintiff and the referees. Kyd, in his Treatise on Awards, p. 148, speaking of the rule, that the award must be mutual, says, that the principal requisite to form that mutuality, is nothing more than that the thing awarded to be done,

should be a final discharge of all future claim by the party in whose favor the award is made, against the other for the cause submitted.

That one partner cannot submit to arbitration partnership matters, without the special authority of his copartners, is laid down in 3 Bingham 101, and 1 Peters 222, and is, we think, the proper rule.

The judgment of the circuit court must be reversed.

*Judgment reversed.*