### HARRINGTON *vs.* HIGHAM and others.

One of several partners in a trading firm has no implied power or authority, arising from the partnership relation, to refer to arbitration any partnership interest or controversy; whether the submission be by simple agreement or by specialty.

And if a submission is made by one of several partners, in the name of the firm, without the consent of his copartners, the award will bind only the individual interest of him who executed the submission.

This action was founded upon an award of arbitrators. The defendants were general partners, in the manufacture of car wheels, &c. under the firm name of "Higham & Co." Higham was the acting member, the other partners composed another firm and were engaged in business in another part of the city of Utica. The submission was by simple agreement executed by Higham in the name of the firm. There was no proof in the case showing that Sanger and Benedict, or either of them, ever consented to, or ratified, the arbitration. The submission was in the usual form, to ascertain how much was due from the defendants to the plaintiff on account of car axles sold and delivered. The arbitrators awarded the sum of $857, and further directed " that the parties execute and deliver to each other a mutual and general release of all demands or claims of every name and nature."

On the trial, objection was made by the defendant Sanger, (Benedict having died since the commencement of the suit,) to the introduction of the submission, on the ground that one partner cannot, without special authority, bind his copartners to a submission for arbitration. The objection was overruled and exception taken. The court ordered a verdict for the plaintiff. The case was tried before Justice Harris, at the Oneida circuit, in June, 1852.

*W. J. Bacon*, for the plaintiff.

*J. A. Spencer*, for the defendants.

Harrington *v.* Higham.

*By the Court,* HUBBARD, J. The leading question to be decided is, as to the validity of the award, to bind the defendants Sanger and Benedict. I think the learned justice at the circuit erred in holding it valid. The rule of law, it seems to me is, that one of several partners in a trading firm has no implied power or authority, arising from the partnership relation, to refer to arbitration any partnership interest or controversy. The principle is universal in its application, unaffected by the question whether the submission is by simple agreement or by specialty. The reasons on which the rule is grounded are stated with fullness and great clearness by Justice Story, in his Law of Partnership, sec. 114. "It is not within the scope of the ordinary business or powers or authorities of the partnership—and the reason that the award may call upon the partners to do acts which they might not otherwise be compellable to perform—but the soundest reason seems to be, that it takes the subject matter from the ordinary cognizance of the established courts of justice which have the best means to investigate the merits of the case by proper legal proofs and testimony; and as the means of arbitrators to accomplish the same result, are narrow and wholly inadequate, it ought not to be presumed that the partners meant to waive their ordinary legal rights and remedies, unless there is some special delegation of authority to that effect, either formal or informal."

In illustration of the second reason above suggested, it may be observed, that if the agency was once admitted, then doubtless a clause might be inserted in the submission, under the statute in relation to arbitrations between individuals, authorizing a judgment of a court of record. This would plainly contravene that well settled rule of law, that one partner cannot confess a voluntary judgment, even to bind the partnership interests and property; (1 *Wend.* 311. 9 *Id.* 437;) and of course cannot indirectly, by means of a voluntary submission, accomplish the same result, and especially not, when the judgment, if sustained, would be a charge not only on the partnership effects, but upon the individual real and personal estate of the members of the firm.

The precise question under review has not been settled in this state by any adjudication to which my attention has been directed. There are several decisions to the effect that a *sealed submission* is invalid; (9 *John.* 285. 19 *Id.* 137. 1 *Wend.* 326;) but these cases all rest upon the well established doctrine that the partner cannot bind another by seal, without special authority. The question of the validity of a submission by simple agreement was not raised, discussed or necessarily assumed in the decisions, and hence the cases are in no respect authority on the point.

Chief Justice Kent in his Commentaries, (3 *Kent*, 49, § 43,) announces the general rule, without distinguishing as to the character of the submission. He says, " Nor can one partner bind the firm by a submission to arbitration even of matters arising out of the business of the firm. The principle is, that there is no implied authority, except so far as it is necessary to carry on the business of the firm." This is the well settled doctrine of the English courts. *Stead* v. *Solb*, (3 *Bing.* 101,) is a leading case, referred to with approval by both English and American publicists. (*See also C. M. & R.* 680, 5; 2 *Mod.* 228; *Com. Dig. Arb. D.* 2; 2 *A. & E.* 184; *Russ. on Arb.* 27; *Billings' Law of Awards*, 47; *Watson on Arb.* 82; *Chit. on Cont.* 230, 8th *Am. ed.*) The same doctrine is held in the supreme court of the United States. (*Karthous* v. *Ferrer*, 1 *Pet.* 222.)

In several states of the Union, in Pennsylvania, (12 *Serg. & R.* 243;) Kentucky, (3 *Monroe*, 436;) and Ohio, ( *Wright*, 420,) a contrary rule of law has been held, recognizing the distinction contended for by the plaintiffs' counsel in this case, that a submission by simple agreement is binding, although one by specialty is not. But I cannot perceive any sound reason for the distinction. Having no common seal, one partner cannot bind his associates by specialty; and by the modern law, a seal being regarded as but a technicality, doubtless may be disregarded when affixed by one partner to partnership contracts or transactions, when from the nature of the business or instrument a seal was unnecessary.

Upon principle and authority, therefore, I am satisfied that

the law on this subject, as applicable to this case, is as before stated. It follows that as there was no proof that the defendants Sanger and Benedict consented to the entering into the submission, or subsequently assented to the arbitration, they are not bound by the award : the award binds simply the individual interest of Higham, who executed the submission.

In this view, it is not essential to examine other questions raised upon the argument. I would simply remark, that as the submission expressly embraces but a single subject—the amount due on account of car axles—the arbitrators clearly exceeded their authority in assuming to effect a final settlement between the parties, and awarding that mutual releases should be given. But if the award was otherwise good, it would not, under the liberal rule of construction to sustain awards, be held bad in toto, because the arbitrators in this respect transcended their powers. That portion of the award which is bad can be separated from that which is good, and it is a familiar rule that awards may be upheld although bad in part, provided a separation can be made, without impairing the decision of the arbitrators, or the rights of the parties ; in other words, if the parts are independent. (14 *John.* 96.)

A new trial must be granted ; costs to abide the event.

[ONEIDA GENERAL TERM, January 3, 1853. *W. F. Allen, Hubbard* and *Pratt,* Justices.]