ALBERT. G. JONES, Respondent, v. WILLIAM BAILEY and GEORGE S. GILBERT, Appellants.

One partner cannot bind his copartner by a submission of partnership matters to arbitration, but such a submission would be good against the partner agreeing to it.

APPEAL from the Superior Court of the city of San Francisco.

The plaintiff, a shipmaster, and the defendants, merchants in San Francisco, were partners in an adventure of certain shipments of oil from the Sandwich Islands.

The defendants sold the oil and rendered to the plaintiff account sales thereof. The plaintiff not being satisfied with the result, agreed with Bailey, one of the partners, to submit the matter to arbitration. The agreement to arbitrate was signed only by Jones and Bailey.

The award disclosed a balance due the plaintiff of $1,110.17, for sales which had been unaccounted for by the defendants.

The complaint prays no relief against Gilbert, who was not served with process. The case was tried without a jury, and upon the above statement of facts the Court gave judgment for the plaintiff in the sum of $1,110.17. Defendants appealed.

*Wells, Haight* and *Gary*, for Appellants.

*B. S. Brooks*, for Respondent.

No briefs on file.

MURRAY, C. J., delivered the opinion of the Court.

We can see no legal objection to the plaintiff's right of recovery.

44

Treating the finding of the arbitrators either as an award or a statement of balances struck between the parties, the defendant is equally liable.

While it is true that one partner cannot bind his copartner by a submission of partnership matters to arbitration, it does not follow that such submission would not be good as against himself.

It is perfectly competent for him to resort to any mode to ascertain and settle a demand against himsself. The award must be taken as conclusive against Bailey. It has been suggested, however, that the judgment is erroneous, because the $1,110.17, found for the plaintiff is the whole amount of the profits of partnership, and that the plaintiff was only entitled to recover one-third of that amount; such is not the case.

A careful examination of the award of the arbitrators, taken in connection with the terms of the partnership, as disclosed by the record, shows that this is not a controversy as to *profits* at all, but only as to the *amount received* by Bailey & Gilbert for *sales* of oil, on joint account of the three partners. The award of the arbitrators shows that they had received $1,110.17, more than they had paid over, and judgment is taken for this amount in the Court below. The question of profits on the whole transaction does not once arise in the case, as is shown by the record, but is a matter for future and final settlement after this item of $1,110.17 is disposed of. The basis of that settlement will be the difference in the cost of the oil purchased by Jones, and the net proceeds of sales by Bailey & Gilbert, and the terms will be regulated by the partnership agreement.

Judgment affirmed, with costs.