### STRUTHERS ET AL. v. CLARK.

**Arbitration:** FRAUD: MISTAKE. Where two parties submitted their matters in controversy to arbitration, agreeing that there should be no appeal from the decision of the referees save for "actual fraud:" *Held*, that the award should be sustained, in the absence of a showing that there was a mistake of fact, or injustice. Whether it could be set aside for an innocent mistake, *quaere*.

*Appeal from Lee District Court.*

FRIDAY, JUNE 11.

THIS is a suit in equity to set aside an award of arbitrators. The District Court found for defendants. The plaintiffs appeal.

*Craig & Collier*, and *F. & F. H. Semple*, for appellants.

*Jno. Van Valkenburg*, for appellees.

COLE, J.—The original matters in controversy between the parties grew out of the leasing of a sheep farm and the dealings connected with it, extending from April, 1858, to April,

1864. The agreement for and submission to arbitration was made March 8, 1869, and stipulated to submit all matters between the parties, that the parties should appear before the arbitrators in person and without the aid of counsel at any stage, and "that the decision, when made, shall be final and conclusive upon the parties, forever, without appeal or other remedy, unless for *actual fraud* of referees or parties." The award was made July 10, 1869, and was for the sum of seventy-two dollars and sixty-six cents in favor of Clark. This action was brought soon thereafter to set aside the award for various assigned causes, and chiefly because of the alleged failure of the arbitrators to allow plaintiffs six hundred dollars, which they allege had been twice credited to defendants. The precise claim of the plaintiffs is, that upon one occasion when the defendants paid one thousand dollars and made no appropriation of the payment, their attorney, to whom it was paid, applied it all as a credit on the lease; and that afterwards the defendants complained that such appropriation worked an injustice to them, since the lease was not then drawing interest, and certain notes held by plaintiffs on them were drawing ten per cent interest; and that thereupon the plaintiffs applied six hundred dollars of that payment upon two notes drawing ten per cent interest, but failed to erase from the lease any part of the credit for the thousand dollars indorsed thereon; and that the arbitrators allowed both credits to the defendants in making up their award.

The evidence fails to satisfy us that the arbitrators did allow both the thousand dollars and the six hundred. Two of the three arbitrators testify in this case; one thinks the defendants claimed a credit for the amount that was indorsed on the lease, while the other thinks that defendants claimed a credit for some amount by reason of the indorsement on the lease, but cannot tell the amount, nor say that it was a thousand dollars. But it appears from the aggregate amount of the debits and credits, as claimed here by the plaintiffs in their testimony, that there could not have been a mistake by the arbitrators to the extent of six hundred dollars. The evidence in this case does not disclose, even in a remote degree, the

basis upon which the award was made. Neither a mistake of fact or injustice is made to appear. We need not, therefore, determine whether, under the terms of the submission, anything except " actual fraud " would entitle the parties to set aside the award.

The arbitrators were not sworn, but this was expressly waived. The award, being in favor of Lebbeas Clark, was sufficient, since he fully represented his sons and surety, the other parties.

                                          AFFIRMED.