BAILEY, WOOD & CO. v. LANDINGHAM ET UX.

1. **Acknowledgment:** OFFICER'S CERTIFICATE: PRESUMPTION IN FAVOR OF. The certificate of an officer to an acknowledgment, and his testimony, are entitled to great weight, and can only be overcome by a strong preponderance of evidence.

2. ——: ——: ——. Evidence considered under which it was held that the presumption in favor of the correctness of the officer's certificate would prevail.

*Appeal from Harrison District Court.*

SATURDAY, JUNE 12.

ACTION to foreclose a mortgage executed by the defendant Tilman Landingham, and purporting to be executed by his wife, the defendant Lydia Landingham. The mortgage covers two forty acre tracts, one of which constitutes the defendants' homestead. The defense pertains only to the forty acres which constitutes the homestead, and is based upon the alleged ground that Mrs. Landingham never signed or acknowledged the mortgage. There was a decree for the defendants in respect to the homestead. The plaintiffs appeal.

*Barnhart & Cadwell*, for appellants.

*L. R. Bolter*, for appellees.

ADAMS, CH. J.—Unless Mrs. Landingham joined in the mortgage it is void so far as the homestead forty is concerned. Code, § 1990. Upon the question as to whether she joined or not our minds are not entirely free from doubt. The evidence is very conflicting. Mrs. Landingham is unable to write. The mortgage does not purport to bear her name as subscribed by herself. On the other hand it purports to be executed upon her part by the making of her mark. The undisputed evidence shows that her name was written by one Henrietta Poe, by the direction of the mortgagee, one George Poe. This was done in the presence of Mrs. Landingham and her family, but it does not appear that she either authorized it or forbade it. It does appear, however, that she refused two or three different times to join in the mortgage for the reason that it covered her homestead and she was unwilling to incumber it. She was urged to join, both by her husband and the mortgagee. The testimony of the mortgagee is that she finally consented to join, and held the pen or touched it while a cross was made as for her mark; but she in her testimony denies it, and she is corroborated by three or four members of her family, or relatives, who happened to be present. If this constituted all the evidence in regard to the execution of the mortgage we should have to say that it does not appear that she was a party to its execution. If she became a party it must be for the reason that she must be deemed to have adopted the act of the person signing her name. Whether she did adopt the act we will proceed to consider. The appellants insist that she acknowledged the mortgage.

A few days after the signing of the mortgage the mortgagee went to the defendants' house with a justice of the peace, one Burkholder, for the purpose of taking the acknowledgment of both the defendants. The defendant Tilman Landingham acknowledged the mortgage, but whether Mrs. Landingham did the evidence is conflicting. As tending to show that she did, we

1. ACKNOWL-
EDGMENT:
officer's certi-
ficate: pre-
sumption in
favor of.

have the certificate and testimony of the justice, and the testimony of the mortgagee. They are contradicted by Mrs. Landingham and three or four members of the family, or relatives. So far as the number of witnesses is concerned there seems to be a majority in favor of the defendants. Whether we ought to conclude that there is a preponderance of evidence in their favor depends upon how much weight should be given to the certificate of the officer, and his direct and positive testimony upon the subject. In our opinion great weight should be given. Burkholder was elected expressly with reference to his integrity and other qualifications for taking acknowledgments of instruments. It is true that in this matter he may have been corrupt or mistaken, but the presumption is very strong in his favor. *Morris v. Sargent*, 18 Iowa, 90; *Van Orman v. McGregor*, 23 Id., 300; *Borland v. Walrath*, 33 Id., 130. This is certainly the theory of the law, and any other would have a great tendency to unsettle titles and securities.

We do not hold, of course, that the officer's certificate and testimony are conclusive. We hold that they are not to be lightly overcome, and in this case it appears to us that they are not overcome.

The evidence shows conclusively that the officer went to the house for the express purpose of taking the acknowledgments; that it was late in the evening; that Mrs. Landingham had retired; that she arose and dressed, and came into the room where the officer was, and conversed with him, and remained for some time. She does not say that she refused to acknowledge the mortgage. She says that nothing was said about it. Yet all the parties understood that unless she joined in the mortgage it was invalid as to the homestead. That had been distinctly talked over. If her testimony is to be believed she had stoutly refused to join whenever anything was said about it to her. That she should, nevertheless, take the trouble to arise from her bed to meet the officer after she had retired, and upon meeting not mention the mortgage nor

hear it mentioned, is not easily credible. It seems more probable that the acknowledgment was taken in the usual way, but that what was said to her made very little impression upon her mind, and escaped her recollection.

The defendants claim, however, that the decree if erroneous cannot be reversed, for the reason that the case is not triable *de novo*, and there is no assignment of errors.

We do not discover that any motion was made for a trial upon written evidence. But the abstract shows that the case was set down by order of court for trial upon written evidence, and where such order is made we will presume that the requisite motion was made. *Ashcraft v. De Armond*, 44 Iowa, 229. The case, then, is triable *de novo;* and in our opinion it must be

REVERSED.