## BIRD v. ADAMS ET AL.

1. **Deed**: DATE OF EXECUTION: EVIDENCE TO IMPEACH. A very strong presumption exists in favor of the correctness of a deed as to the date of its execution recited therein, and shown by the certificate of the notary taking the acknowledgment. Evidence held insufficient to overcome such presumption.

*Appeal from the Superior Court of Cedar Rapids.*

MONDAY, JUNE 13.

IN November, 1877, the defendants, Adams and McDaniel, recovered a judgment in the court below against one James Bird. On the 30th of July, 1878, a transcript of said judgment was filed in the office of the clerk of the Circuit Court of Linn county, execution was issued thereon and a levy was made upon certain real estate in the city of Cedar Rapids.

Thereupon the plaintiff, Wm. M. Bird, commenced this action in equity to enjoin the sale of said property, claiming that he was the absolute owner thereof, and that the same is not liable to execution as the property of James Bird.

The defendants answered, averring that James Bird was the owner of said property; that in October, 1878, a deed for the property, made by James Bird to the plaintiff, was filed for record; that the deed purports to have been made on the 25th of September, 1877, but that it was not actually made until more than one year thereafter; and that it was without consideration, and antedated either by mistake or for the fraudulent purpose of cheating, hindering, delaying and defrauding creditors. There are other averments in the answer which are not necessary to be stated here. The prayer of the answer was that the injunction, which had been before granted, be dissolved. There was a trial by the court and a decree was entered dissolving the injunction, and declaring the judgment to be a lien upon the property superior to any

interest held by the plaintiff, and ordering that special execution issue to enforce said lien. Plaintiff appeals.

*J. B. Young* and *Preston Bros.*, for appellant.

*J. W. Weyand* and *Rickel & Eastman*, for appellee.

ROTHROCK, J.—The defendants by their answer base their right to subject the land to the payment of the judgment up-

1. DEED : date of execution : evidence to impeach.

on the alleged fact that the deed was actually executed after the judgment became a lien, but was dated back to a time before the judgment was rendered. The deed was not filed for record until October, 1878.

The plaintiff introduced in evidence a deed from James Bird, dated September 25, 1877, and acknowledged the same day, which conveyed the property to the plaintiff. It cannot be denied, in view of the evidence in the case, under the issues, that the deed, although unrecorded, would convey the title to the plaintiff, and that he would hold the property clear of the lien of any judgments thereafter rendered against James Bird.

The defendants, in support of the allegations of their answer, introduced the plaintiff as a witness, who testified that the deed was received by him in two or three days after its date. James Bird also testified that he executed the deed to the plaintiff on the day of its date, and sent it from Chicago to the plaintiff by mail. To rebut this evidence, the defendants rely on the testimony of a witness who stated that at the time of a fair at Cedar Rapids, in 1878, the plaintiff and James Bird had a conversation, in which James Bird said to plaintiff that it was best to have a deed, and an unrecorded deed; that plaintiff asked James Bird where he could get it, and that he replied that he had a place in Chicago, or New York, where he could get it. This witness admitted that he was not on friendly terms with the plaintiff. Other witnesses testified that James Bird was not, as they remembered,

at Cedar Rapids at, or shortly before, the date of the deed, as claimed by the plaintiff. Another witness testified that said Bird was at the fair at Cedar Rapids in 1877. Upon this evidence, and what is claimed to be some contradictory statements by the plaintiff, the defendants claim that the decree of the court below should be sustained.

It appears to us counsel underestimate the force and effect which should be given to the deed itself, and to the acknowledgment thereto. The certificate of the officer, dated on the 25th day of September, 1877, should in our judgment be held to prevail over all the oral evidence which in this case impliedly contradicts it. If the titles to real estate should be allowed to be impeached, and the date of conveyances be controlled and changed by evidence of loose and random conversations between the parties thereto, the right of property would rest on a very insecure and unsafe foundation.

It will be understood that we are determining this case upon a trial *de novo* on the issues joined, and upon the evidence. Whether, if the defendants had by cross bill set up the insolvency of James Bird, and that the conveyance was fraudulent as to the defendants, and prayed a cancellation of the deed, they would have been entitled to a decree we cannot determine. It would seem that as the debt for which the judgment was rendered was contracted after the conveyance of the property, there would be a question as to defendant's right to subject the property to the satisfaction of the judgment. But with this, under these issues, we have no concern.

The plaintiff should have a decree making the injunction perpetual, which at his election he can have in this court, or in the court below.

REVERSED.