GEO. L. DAVIS AND SUMNER D. DAVIS v. ABRAHAM BERGER.

*Partner's authority to submit to arbitration—Acknowledgment of submission—Arbitrator's oath.*

1. A partner can bind his firm by a submission to arbitration if expressly authorized to do so, and an award based on such submission may be good at common law. His authority can be proved if questioned, and an acknowledged power of attorney is unnecessary

2. The oath of arbitrators does not have to be in writing.

3. Joinder of partners in suing out a writ of error to review the judgment on an award against the firm has the effect of affirming the authority delegated to one partner to submit to arbitration.

4. An acknowledgment of voluntary submission to a common-law arbitration is irregular if not made until after the arbitrators have begun their work; but if made before they have finished, it may be allowed for the purpose of sustaining a statutory judgment on the award. And it is not invalidated by being under oath.

Error to Ingham. (Gridley, J.) June 25.—Sept. 23.

Proceeding for judgment on award. The parties moving for judgment bring error. Reversed.

*M. V. & R. A. Montgomery* for appellant. Awards have been sustained in Michigan where the agreement for arbitra-

tion was signed by one member of the firm: *McArthur v. Oliver* 53 Mich. 299; and it is held in Pennsylvania that one partner can bind his co-partners by an unsealed agreement for arbitration: *Taylor v. Coryell* 12 S. & R. 248; also in Illinois: *Hallack v. March* 25 Ill. 50; also in Ohio: *Wilcox v. Singletary* Wright (O.) 420.

*Huntington & Henderson* for appellee. One partner cannot bind his co-partner by an arbitration agreement without special authority for that purpose from his co-partner: *Buchoz v. Grandjean* 1 Mich. 367; *Backus v. Coyne* 35 Mich. 5; *Harrington v. Higham* 13 Barb. 660; arbitrators must be sworn before they receive evidence or no judgment can be entered on their award: How. Stat. § 8478; *Gibson v. Burrows* 41 Mich. 713; *Vanderhoof v. Dean* 1 Mich. 465; Colwell on Arb. 101; Watson on Awards, 65.

CAMPBELL, J. This is a writ of error to review the action of the circuit court for the county of Ingham in refusing to confirm an award, and in setting it aside as irregular.

The agreement to arbitrate was signed by defendant, and by George L. Davis, one of the plaintiffs, on behalf of the firm in which both are partners. It provided for a statutory arbitration to be put into judgment in the court before mentioned, and to be had by two persons named and a third to be chosen by the two. The board was regularly made up, and all the steps taken seem to have followed the stipulation. The award was filed, and a motion made on the one side to give judgment on it, and on the other side to vacate it, both as unauthorized under the statute, and also for special reasons, which were that it was not executed by all the arbitrators together, and that it was fraudulent, inasmuch as plaintiffs had admitted their indebtedness to defendant, and yet had obtained an award of between $800 and $900 against him.

It appeared distinctly that the final execution of the award was by all three together, and that it was their unanimous action when met together, although by an oversight two originally signed the paper, which contained what all had agreed upon, in the absence of the third. The alleged admissions of plaintiffs were not only denied by counter-affidavits, but the matters were the very things submitted to the arbitrators,

and settled by their finding. There can be no doubt that the award is a good common-law award, and binding upon the parties, unless the fact that it was not directly executed by both partners vitiates it.

It has been held that there is no presumed authority in one partner to submit matters to arbitration. This rule has been recognized in this State, where it was first laid down in *Buchoz v. Grandjean* 1 Mich. 367. But it has not, so far as our rulings go, been questioned that one partner may have special authority given him to bind his firm by such a submission; and the record in this case contains an uncontradicted showing under oath that such authority existed here. If so, there is no reason why it should not be sustained at common law. It was therefore error to set the award aside. Whether it authorized a judgment under the statute is a different question.

The only statutory defects which have been much relied upon are the absence of a legal acknowledgment of all the parties, and the absence of any return of an oath by the arbitrators. So far as the oath is concerned, the fact appears that they were regularly sworn, and the statute does not in terms require this to be in writing. We do not think this point well taken. Neither is it necessary, if authority existed in the managing partner, that it should appear on the record in the shape of an acknowledged power of attorney. It was held in *City of Detroit v. Jackson* 1 Doug. (Mich.) 106, that where a submission was acknowledged by a person claiming to be agent, the authority need not be set forth in form, but the fact might be established if questioned. And while, without such authority, the principal could not be bound, yet the question might be raised by error in fact, provided judgment was entered on the award. If not raised in some way the court might properly enter judgment, which would bind the principal, if appearing, or if actually giving the authority.

In the present case there was an affidavit of authority not disputed, and both plaintiffs have sued out this writ of error, which is also an affirmance of the authority.

It expressly appears that no acknowledgment was made until some time after the arbitrators began their work. But then, upon the 12th of January, 1884, both the managing partner of plaintiffs and the defendant made acknowledgments, which were given under oath in the form of affidavits before persons authorized to take acknowledgments of deeds. Each swore that the submission was entered into voluntarily for the purposes expressed, and there can be no question of the sufficiency of this unless the fact of its being under oath deprives it of efficacy. There seems to be no good reason why an acknowledgment under oath may not be as good as any other. The main purpose of a certificate of acknowledgment is to show that the maker of an instrument desires to give it credit as his own by solemn declaration before an acknowledging officer. All this appears here, and we think sufficiently.

It would have been better if this paper had been acknowledged in the first place. But the statute only requires this acknowledgment as formal evidence to justify the court in rendering judgment without regular process, upon agreement of the parties. It was made before the final action of the arbitrators, and for the express purpose of curing a mistake or omission. When the parties intervened in this way it must have been for the purpose of perfecting the proceedings and authorizing them to be completed so as to sustain a statutory judgment. The arbitrators proceeded subsequently to complete their investigations and deliberations. We do not think the statute stands in the way of an acknowledgment made under such circumstances; and in our view, it has been substantially complied with.

While all purely statutory proceedings must show all done which the statute makes necessary, yet it has been regarded as not only proper, but desirable, for parties to settle their disputes amicably, and arbitrations are favored rather than discountenanced. Where, as here, the submission, before it was finally acted on, was, with knowledge of all the facts, deliberately sanctioned and acknowledged, in order to induce both parties and arbitrators to complete it, we ought not to refuse to sanction it, unless the omission puts the papers

beyond any fair construction of the law. We think it is within the letter of the law, as it clearly is within its spirit.

The result must be the reversal of the action of the circuit court, and the entry here of judgment on the award, with arbitrators' expenses and other costs.

SHERWOOD and CHAMPLIN, JJ. concurred. COOLEY, C. J. did not sit in this case.