## HERRICK v. MUSGROVE.

1. **Mortgage**: QUESTION OF WIFE'S SIGNATURE: CONFLICTING EVIDENCE CONSIDERED. In an action to foreclose a mortgage, the wife, whose name was subscribed thereto, denied that she ever executed the mortgage, and there was other evidence tending in some small degree to corroborate her. But the notary public before whom the mortgage purported to be acknowledged testified that he knew the wife, and that she did sign it in his presence. In view of the principle that instruments requiring acknowledgment before an officer ought not to be set aside without clear and satisfactory evidence, *held* that the district court was warranted in finding that the wife executed the mortgage.

*Appeal from Poweshiek District Court.*

SATURDAY, SEPTEMBER 26.

THIS is an action to foreclose a mortgage. There was a decree in the district court for the plaintiff. Defendant appeals.

*Clark & Cheshire,* for appellant.

*Haines, Lyman & Howell,* for appellee.

ROTHROCK, J.—The mortgage in suit purports to have been signed and acknowledged by the defendant and M. C. Musgrove, her husband, on the twelfth day of July, 1881. The acknowledgment purports to have been taken before one J. R. Pratt, a notary public, at What Cheer, Keokuk county. The defendant, by her answer, denied that she ever signed, executed, acknowledged, or delivered the mortgage, and this was the issue tried and decided in the court below, and now presented for the determination of this court. J. R. Pratt, the notary public before whom the acknowledgment purports to have been taken, testified that the husband of the defendant requested him to go to his (Musgrove's) office and take the acknowledgment of his wife; that he went there in company

with defendant's husband, and that the defendant was seated at an office table, and that she there signed the mortgage in his presence; that he knew her personally; that she looked up so that he could see her plainly, and that he could not be mistaken in her identity. The defendant testified positively that she did not sign the instrument, and she and two or three of her father's family testified that she was not at What Cheer for some days before, and for quite a number of days after, the twelfth day of July, 1881, the date of the acknowledgment; but that she was at her father's house near Montezuma. The defendant's husband made no defense, and he was not a witness in the case.

We do not attach much importance to the fact that the defendant was not at What Cheer on the twelfth day of July, 1881. The notary public did not state in his testimony that the acknowledgment was taken on that day. He testified that the dates of the mortgage and acknowledgment were filled in before the acknowledgment was taken, and that all he did was to affix his name and seal to the acknowledgment; so that the pivotal question is not whether the defendant signed and acknowledged the mortgage on the twelfth day of July, 1881, but, did she on any day, in her husband's office at What Cheer, sign it in the presence of the notary public whose seal and signature are attached to the acknowledgment? We think the certificate of the notary public, and his positive testimony, should prevail over the denial of the defendant. The mortgage was filed for record on the thirteenth day of July, 1881, and it must have been signed and acknowledged at some time before that. Certain genuine signatures of the defendant were introduced in evidence upon the trial, and they have been submitted to us for inspection. As usual in such cases, the plaintiff claims that a comparison of these signatures with the signature to the mortgage shows that all were written by the same hand, and defendant claims that they show just the contrary. We do not attach much importance to this evidence. All of the genuine signatures were,

made long after the mortgage was executed; the most of them were made nearly four years afterwards. It is impossible to determine by comparison what changes occurred in the handwriting of the defendant by the lapse of time. Another reason why we do not attach much importance to a comparison is that all of these genuine signatures but one were made after the defendant had answered denying her signature to the mortgage.

It is apparent that deeds, mortgages, and other instruments requiring acknowledgment before an officer, ought not be set aside without clear and satisfactory evidence. The seal and acknowledgment of the officer, should in such cases be given proper consideration. The acknowledgment is a provision which the law makes for the security of titles and the protection of property owners from fraud and imposition. When such an instrument is properly acknowledged and certified, it may be read in evidence without further proof. Code, § 3659.

We think the district court was correct in holding that the defendant executed the mortgage in suit.

AFFIRMED.