ORANGE WALKER and others *vs.* CHARLES BEAN

January 18, 1886.

**Logs and Lumber—Compensation for Driving Intermingled Logs.—** The right to recover compensation, under the statute, (Gen. St. 1878, c. 32, § 78,) for driving the logs of another person which have become intermingled with those of the plaintiff, is not limited to cases where the intermingling has resulted from the wrongful acts of the defendant, but may arise where the logs have become intermingled by consent, or under a contract for driving, the performance of which has been abandoned.

**Partnership—Power of one Partner to Submit to Arbitration.—**A member of a partnership has not implied authority to bind his copartners by a submission to arbitration of controversies relating to the partnership business.

Appeal by defendant from an order of the district court for Washington county, *McCluer*, J., presiding, refusing a new trial. The case is stated in the opinion.

*Clapp & Macartney*, for appellant.

To permit plaintiffs to recover in this action, if they wrongfully abandoned the drive which plaintiffs and defendants started under contract, is to allow them to take advantage of their own wrong. *Safford* v. *Wyckoff*, 4 Hill, 442; *Hard* v. *Seeley*, 47 Barb. 428; *Hyde* v. *Watts*, 12 M. & W. 254; *Keys* v. *Harwood*, 2 C. B. 905; *Hayward* v. *Bennett*, 3 C. B. 404; *Muston* v. *Gladwin*, 6 Q. B. 963.

The cases cited to the effect that one partner cannot bind his copartners by an agreement to submit to arbitration are all founded upon *Strangford* v. *Green*, 2 Mod. 228, in which the submission was by bond under seal. This is also true of all but one of the cases holding to the same effect. It has always been held that one partner cannot bind his copartner by an agreement under seal. The submission in this case was by verbal agreement, and not under seal, and such submission should be held valid and binding on the copartnership. *Hallack* v. *March*, 25 Ill. 48; *Southard* v. *Steele*, 3 Mon. (Ky.) 435; *Wilcox* v. *Singletary*, Wright, (Ohio,) 420; *Taylor* v. *Coryell*, 12 Serg. & R. 243; *Gay* v. *Waltman*, 89 Pa. St. 453.

*Fayette Marsh*, for respondents.

DICKINSON, J. In the spring of 1884, the plaintiffs and the defendant had, respectively, large quantities of logs on the Kettle river, a tributary of the St. Croix, which were to be driven down those streams to Stillwater. The parties entered into a contract to drive all of the logs in common, each party furnishing a proper quota of men for that purpose. They entered upon the performance of the contract, and drove the logs to the Kettle river rapids, so called, at which point the drive was abandoned. Subsequently the plaintiffs requested the defendant to return with them and finish the drive. The defendant refusing, the plaintiffs drove their own logs to their destination, and in doing so drove also some of the defendant's logs, which were so intermingled with their own that they could not be conveniently separated. This action is prosecuted to recover, under the statute, compensation for such driving of the defendant's logs.

One of the issues made by the pleadings was as to whether the abandonment of the drive, whereby the contract was broken, was chargeable to the plaintiffs or to the defendant.

1. It is assigned as error that the court refused to allow the defendant to offer evidence to prove that the plaintiffs, and not the defendant, broke the contract by unnecessarily abandoning the drive. This action is not upon the contract, nor is any counterclaim asserted upon the alleged breach of it. It was therefore immaterial by whose fault the contract was broken, unless that fact would affect the right to compensation, under the statute, for the driving of the defendant's logs subsequent to the abandonment. It is considered by the majority of the court that such a result is not to be attributed to the alleged breach of the contract. Whichever party may be chargeable with having first broken the contract, the fact is apparent that the further performance of it was at an end, and the defendant declined afterwards to resume and complete the drive. The only legal consequence resulting from the breach was to subject the offending party to liability for the damages caused thereby. The right and duty of each party, in respect to the care and disposition of their own logs, was thenceforth the same as it would have been if no contract had been made. The defendant contends that the statute (Gen. St. 1878, c. 32, § 78) is not applicable when the logs of different owners have become intermingled by consent or by contract, and not by reason of any wrongful conduct of the defendant. The act makes no such distinction, and we cannot declare its terms to be thus qualified in meaning.

2. The court rejected evidence of a submission of the matter in controversy to arbitrators, and of an award by the arbitrators; and this is assigned as error. The submission on the part of the plaintiffs having been made verbally by one member only of the firm, they being copartners, the legal question here presented is as to the power of one member of a partnership to bind his copartners by a submission to arbitration of controversies relating to the partnership business. In England, and generally in the United States, it has been held that partners have not such power. Russ. Arb. 19; Morse, Arb. 7; 3 Kent, Comm. 49; *Karthaus* v. *Ferrer*, 1 Pet. 222; *Martin* v. *Thrasher*,

40 Vt. 460; *Wood* v. *Shepherd*, 2 Pat. & H. (Va.) 442; *Harrington* v. *Higham*, 13 Barb. 660; *Buchoz* v. *Grandjean*, 1 Mich. 367; *Jones* v. *Bailey*, 5 Cal. 345. We think that the ruling of the court, which was in accordance with the great weight of authority, should be sustained.

The general denial in the reply put in issue the submission to arbitration as alleged in the answer.

Order affirmed.