IN RE ARBITRATION BETWEEN AMES-FARMER CANNING COMPANY
et al.

J. LEROY FARMER et al., Appellants, v. AMES-FARMER
CANNING COMPANY, Appellee.

**ARBITRATION AND AWARD:** Acknowledgment of Agreement. A
1  court has no jurisdiction to enter judgment on a statutory arbitra-
tion award, when the statutory agreement for arbitration was ac-
knowledged by a corporation party before a notary public *who was
a stockholder and officer of the corporation.*

**ACKNOWLEDGMENT:** Impeaching Certificate. A certificate of ac-
2  knowledgment duly signed by a notary public is not overcome by
the testimony of the purported acknowledging party to the effect
that he was not ''acquainted'' with the notary, or by the unintro-
duced affidavit of the notary to the effect that said certificate was
false.

**ARBITRATION AND AWARD:** Belated Acknowledgment. An ac-
3  knowledgment of an agreement for statutory arbitration by one of
the parties, after the hearing under the agreement had closed, and
after one of the arbitrators had given notice of his refusal to act
further, said acknowledgment being without the consent of the
other party to the agreement, is too late to confer jurisdiction on
the court to enter judgment on an award subsequently agreed on,
signed, and filed by the remaining arbitrators.

**ARBITRATION AND AWARD:** Acknowledgment Before Attorney of
4  Party. An agreement for statutory arbitration may be validly ac-
knowledged before a notary public who had, at a previous time,
appeared as attorney for the acknowledging party in a court action
involving the same controversy.

**APPEAL AND ERROR:** Agreement Not to Appeal—Effect. An agree-
5  ment in statutory arbitration proceedings not to appeal from the
award does not preclude an appeal for the purpose of questioning
the *jurisdiction* of the court to enter judgment on the award.

**ARBITRATION AND AWARD:** Accepting Benefit of Award—Effect.
6  The fact that one of the parties to a statutory arbitration proceeding
accepts in part the benefit of the *award* does not preclude such party
from denying the jurisdiction of the court to enter any judgment
on the award, owing to fatal defects in the proceedings.

*Appeal from Polk District Court.*—THOMAS J. GUTHRIE, Judge.

OCTOBER 2, 1920.

REHEARING DENIED FEBRUARY 17, 1921.

APPEAL from a judgment based upon the report and award of arbitrators in an alleged statutory arbitration proceeding.—*Reversed.*

*C. H. Pasley* and *John Y. Luke,* for appellants.

*Miller, Kelly, Shuttleworth & Seeburger,* for appellee.

STEVENS, J.—I. The submission involved somewhat numerous and more or less complicated matters of controversy between the Ames-Farmer Canning Company, a corporation, the
1. ARBITRATION Dexter Seed Company, a copartnership, J.
AND AWARD:
acknowledg- Leroy Farmer, and S. T. Farmer. The arbitra-
ment of
agreement. tors selected and agreed upon by the parties
were Fred German, George R. Kelly, and S. T. Farmer. The agreement submitting the controversy was duly signed by all of the parties. Before the final award had been agreed upon, Farmer notified the remaining arbitrators and the parties to the agreement that he refused to proceed further, and sought to withdraw as an arbitrator. The agreement provided that an award signed by two of the arbitrators should be final, conclusive, and binding upon the parties, who also specifically therein waived the right of appeal from a judgment upon the award to the Supreme Court.

After the attempted withdrawal of S. T. Farmer, and his refusal to further participate in the proceedings, Kelly and German prepared, signed, and swore to an award, largely favorable to the Ames-Farmer Canning Company, and caused same to be filed in the office of the clerk of the district court of Polk County, where the agreement provided that judgment might be entered. Thereupon, counsel for the canning company filed a motion for judgment. The Farmers and the Dexter Seed Company appeared, and filed sundry and numerous objections to

the adoption of the award and the entry of judgment thereon, among which was that the agreement was materially changed and altered after the signatures were attached thereto, without being again signed and acknowledged, and that the original acknowledgment was void, and, therefore, the court, in causing judgment to be entered, acted without jurisdiction. The original agreement, signed by all of the parties, bears date February 10, 1919, and purports to have been acknowledged by S. T. and J. Leroy Farmer, on behalf of themselves and the Dexter Seed Company, on the same day before I. O. Hasbrouck, a notary public at Ames, Iowa, and also on February 12th, on which date same was also acknowledged by the proper officers of the Ames-Farmer Canning Company, before a stockholder and officer of the corporation, who was a notary public and also attorney for the company. On the last-named date, but before the cer-- tificate of the notary was attached, the articles of submission were changed by inserting the name of George Kelly as the third arbitrator, and erasing a provision for the appointment thereof, German and Farmer having been so designated by the original agreement. On March 19th following, at which time the hearing before the arbitrators had terminated, and Farmer had given written notice to all of the parties of his withdrawal, but before the award was signed by Kelly and German, the officers of the canning company again acknowledged the articles before a notary public, who had appeared as a member of a law firm as attorney for the corporation in a suit previously brought in the Polk County district court against J. Leroy Farmer, in which the subject-matter of the arbitration was involved. It is not claimed that any of the acknowledgments attached to the articles of submission are defective in form, but that the first acknowledgment of the officers of the canning company and the second acknowledgment by all of the parties on February 12th are void, for the reason that the notary certifying thereto was, at the time, a stockholder and officer of the company. This relationship on the part of the notary to the corporation is conceded, but it is argued that the Farmers cannot complain thereof, and that they are bound by the acknowledgment of February 10th before Hasbrouck; that the position of the canning company is analogous to that of a grantor; and that

the notary was not disqualified on account of his interest and relation to the corporation; and further, that the officer certifying to the acknowledgment of March 19th was not disqualified.

Section 4386 of the Code of 1897, providing for the submission of controversies that may be the subject of a civil action to arbitration, is as follows:

"The parties themselves, or those persons who might lawfully have controlled a civil action in their behalf for the same subject-matter, must sign and acknowledge a written agreement, specifying particularly what demands are to be submitted, the names of the arbitrators, and court by which the judgment on their award is to be rendered."

Code Section 4396, providing for the filing of the award of the arbitrators in a matter thus submitted to them, and for judgment thereon, is as follows:

"The award shall be entered on the docket of the court at the term to which it is returned, as an action is entered, and shall be called up and acted upon in its order, but the court may require actual notice to be given to either party, when it appears necessary and proper, before proceeding to act on the award."

Code Section 4397, providing for the rejection or resubmission of the controversy to the arbitrators by the court, is as follows:

"The award may be rejected by the court for any legal and sufficient reasons, or it may be recommitted for a rehearing to the same arbitrators, or any others agreed upon by the parties, or appointed by the court if they cannot agree."

The sections following provide that, when the award has been filed and adopted, it shall have the same force and effect as the verdict of a jury, and that an appeal from a judgment thereon may be taken to the Supreme Court. Acknowledgment of the written agreement by the parties is imperative, and therefore necessary to confer jurisdiction upon the court designated for that purpose to cause judgment to be entered upon the award, when filed and adopted, as required by the statute. *Fink v. Fink*, 8 Iowa 313; *City of Marion v. Ganby*, 68 Iowa 142; *Wilkinson v. Prichard*, 145 Iowa 65; *Barney v. Flower*, 27 Minn. 403 (7 N. W. 823); *Burkland v. Johnson*, 50 Neb. 858 (70 N. W. 388); *Gessner v. Minneapolis, St. P. & S. S. M. R. Co.*, 15 N. D.

560 (108 N. W. 786). A notary public who is a stockholder therein is disqualified to take or certify to an acknowledgment to any instrument in which a corporation is beneficially interested. *Smith v. Clark,* 100 Iowa 605; *Farmers' & Merchants' Bank v. Stockdale,* 121 Iowa 748; *Wilson v. Traer & Co.,* 20 Iowa 231; *Empire R. E. & M. Co. v. Beechley,* 137 Iowa 7; *Greve v. Echo Oil Co.,* 8 Cal. App. 275 (96 Pac. 904); *Boswell v. First Nat. Bank,* 16 Wyo. 161 (92 Pac. 624). None of the above cases, or similar cases brought to our attention, involve the validity of a certificate of acknowledgment attached to articles submitting a controversy to arbitration.

It is true that an instrument acknowledged before a notary disqualified because of interest is valid between the parties, but the most that could be claimed for this rule, as applied to the case at bar, is that a defective acknowledgment would not prevent the award from being enforced under Section 4395 of the Code. The objection that the notary was disqualified applies to the acknowledgment of the officers of the canning company on February 12th, and to the separate acknowledgment by all of the parties on the same day. We cannot agree with the contention of counsel for appellee that these acknowledgments are valid because the position of the canning company and its relation to the subject-matter of the arbitration were simply that of grantor. Even if that fact were conceded, the acknowledgment would be valid. The interest of the corporation in the several items involved in the submission was direct and positive. The judgment entered in its favor, which involved an item of $5,000 for liquidated damages, is in excess of $20,000. As a stockholder in the corporation, the notary was directly and beneficially interested; the position of the corporation was that of a claimant against the Farmers and the Dexter Seed Company, and not of a grantor. Courts have, with great uniformity, held that acknowledgments taken and certified by an interested notary are invalid, and that the record thereof does not impart notice to third parties. This court, in *Empire R. E. & M. Co. v. Beechley,* supra, held that proof of publication of an original notice, sworn to before the plaintiff, a notary public, was a nullity, and that the court, in that case, did not acquire jurisdiction to render a decree quieting title to real estate.

It is contended by counsel for appellant that the recital in the certificate of I. O. Hasbrouck to the effect that S. T. Farmer appeared before him at Ames on March 10th and acknowledged

2. ACKNOWLEDG-MENT: impeaching certificate.

the articles of submission on behalf of himself and the Dexter Seed Company is false, and that, in fact, Farmer did not acknowledge the instrument before him. The affidavit of the notary, attached to the formal objections to the award, recites that the certificate signed by him was prepared and attached to the instrument when received by him, and that S. T. Farmer did not acknowledge the same. He was not called as a witness, nor was the affidavit offered in evidence. Farmer testified that his attention was first called to the acknowledgment during the trial, and that he was not acquainted with the notary; but he did not otherwise deny the truth of the recitals of the acknowledgment. Certificates of acknowledgment are entitled to great weight, and to overcome the same, the testimony must be clear and convincing. *Bailey, Wood & Co. v. Landingham,* 53 Iowa 722; *Herrick v. Musgrove,* 67 Iowa 63; *Swett v. Large,* 122 Iowa 267; *Currier v. Clark,* 145 Iowa 613; *Gribben v. Clement,* 141 Iowa 144; *Roberts v. Roberts,* 176 Iowa 610; *Johnston v. Linder,* 168 Iowa 441; *Houlihan v. Morrissey,* 270 Ill. 66 (Ann. Cas. 1917A 364, and note). The evidence introduced in this case to impeach the certificate of the notary is not satisfactory.

We come now to consider the acknowledgment of the canning company on March 19th. This acknowledgment, as stated, is dated after the hearing, before the arbitrators had terminated,

3. ARBITRATION AND AWARD: belated acknowledgment.

and after the attempted withdrawal of S. T. Farmer, but before the award was signed. Counsel for the canning company relies upon the holding of the Michigan court in *Davis v. Berger,* 54 Mich. 652 (20 N. W. 629), to sustain this acknowledgment.

In that case, the acknowledgment of all the parties was taken and certified after the hearing before the arbitrators opened, but before an award, in which all arbitrators participated, was agreed upon. The court held that, while this was somewhat irregular, it fully met the purpose of the acknowledgment. In the case at bar, neither of the Farmers, on behalf of themselves or the Dexter Seed Company, consented to the acknowledgment

of March 19th, and, as stated, it was certified after notice of the attempted withdrawal of S. T. Farmer as an arbitrator, and of his refusal to participate further in the arbitration. Conceding that the acknowledgment of the Farmers for themselves and the Dexter Seed Company before I. O. Hasbrouck, notary public, on March 10th, is valid in all respects, it nevertheless follows that, at the time of the submission, the articles had not been acknowledged, as required by the statute, and an award by the arbitrators, in the absence of the acknowledgment of March 19th, would not have conferred jurisdiction upon the court to cause judgment to be entered thereon. It is true that Section 4390 of the Code provides that neither party may revoke the submission without the consent of the other; but surely the statute applies only to a submission in all respects complying with the statutory requirements. S. T. Farmer did not, in terms, attempt to withdraw as a party, or to revoke the articles; but the instrument served was equivalent to notice that he would refuse to be bound by any award made by the other arbitrators, and to a denial of his consent to further proceedings. The subsequent acknowledgment of the articles on behalf of one of the parties only to the agreement would not relate back and validate the submission, after one of the arbitrators agreed upon had already given notice of his withdrawal and refusal to serve. Agreements submitting controversies to arbitration authorized by the statute provide for a convenient and inexpensive method for settling same; but, to confer jurisdiction upon the court to enter judgment upon the award, the same must be properly acknowledged, although the award may be sustained as a common-law award without such acknowledgment. Although not necessarily decisive of the question here presented, our holding in *Kent v. French,* 76 Iowa 187, and in *Harrison v. Hartford Fire Ins. Co.,* 112 Iowa 77, has a material bearing thereon. In the former of the above cases, we held that, where one of the arbitrators agreed upon refused to act, and one of the parties protested against allowing the other two to act alone, the award therein could not be sustained, notwithstanding a provision in the contract binding the parties to an award by two of the arbitrators. Before the award was signed and filed, and after S. T. Farmer withdrew,

and refused to serve as an arbitrator, J. Leroy Farmer in writing protested against an award by the remaining two. Counsel seeks to meet the situation thus created by saying that the hearing was concluded before the resignation of Farmer, but the award had not then been agreed upon, and at least one arbitrator had not, apparently, arrived at his conclusion.

We are not inclined to hold that the notary who took and certified to the acknowledgment of March 19th was disqualified. The interest of the notary which disqualifies him from taking

4. ARBITRATION AND AWARD: acknowledgment before attorney of party.

and certifying to an acknowledgment must be direct or contingent in the subject-matter of the instrument. We held, in *Mitchell v. Vest*, 157 Iowa 336, that an attorney for one of the parties was not disqualified, on account of interest, to take and certify to the acknowledgment of the sheriff's deed. It is our conclusion that the articles of submission were not, therefore, properly acknowledged, and that the court was without jurisdiction to adopt the award or cause judgment to be entered thereon.

II. But it is insisted by counsel for the canning company that, in any event, the remaining parties to the submission are bound by the stipulation in the written agreement waiving the

5. APPEAL AND ERROR: agreement not to appeal: effect.

right of appeal to the Supreme Court, and that they will not be heard to question the jurisdiction of the court. Agreements not to appeal have been sustained by this and other courts. *Struthers v. Clark*, 40 Iowa 508; *Lyon v. Sanders*, 3 G. Greene 332; *Hoste v. Dalton*, 137 Mich. 522 (100 N. W. 750); *Southern Ind. Power Co. v. Cook*, 182 Ind. 505 (107 N. E. 12); *Palmer v. Lavers*, 218 Mass. 286 (105 N. E. 1000); *United States C. S. R. Co. v. Chaddock & Co.*, 173 Fed. 577.

The award, if binding, is as a common-law award. Whether it is binding, we do not decide; but neither party directly or impliedly waived the right to question the jurisdiction of the court to enter judgment. A judgment entered without jurisdiction is void, and objections thereto may be raised for the first time in this court or by the court, if deemed necessary. *Ft. Dodge Lbr. Co. v. Rogosch*, 175 Iowa 475. The motion filed by counsel for the canning company to dismiss the appeal, in so

far as the same goes to the question of jurisdiction, is overruled. Waiving the right to appeal could not operate as an estoppel against the parties, to prevent them from challenging the jurisdiction of the court to cause judgment to be entered upon the award, nor was it effectual to authorize the entry of a judgment by consent.

III.   It is further contended by counsel for the canning company that J. Leroy and S. T. Farmer have accepted and retained some of the benefits of the award, and are, therefore, estopped to appeal or to question the court's jurisdiction. It is conceded by all parties that, prior to the organization of the Ames-Farmer Canning Company, each had its principal place of business at Ames, Iowa; that the Farmers held a lease for a specified term for a canning plant at Tipton, Iowa; and that, by an agreement entered into between them, this lease was to be assigned to the Ames Company for a cash consideration of $10,000, and the Farmers were to take an equal amount of stock in the Ames Company, and pay cash therefor.   J. Leroy Farmer was given charge of and conducted both plants during the season of 1917. A few days before the articles of submission were signed, Leroy Farmer resumed possession of the Tipton plant, and had continued in the possession thereof.   It is claimed by counsel for the canning company that the right to possession was one of the matters submitted to the arbitrators, and that, as the Farmers have not offered to surrender possession of the plant to the canning company, they are estopped from denying the validity of the award.   The fact appears to be that, on or about the 6th day of February, S. T. Farmer and Fred German entered into a written agreement, reciting that, as they had been selected as two of three arbitrators to adjust the controversy between the several parties thereto, they agreed that the unexpired lease to the Tipton plant be awarded to J. Leroy and S. T. Farmer, or whomsoever they may direct, leaving it to the arbitrators to fix the price therefor.   This agreement was entered into before the articles of submission were signed, and it is claimed by counsel for Leroy Farmer that he took possession under this agreement.   Whether this is true or not, the award of the arbitrators fixed a sum to be paid for the lease, and fully recognized Farm-

6. ARBITRATION
AND AWARD:
accepting bene-
fit of award:
effect.

er's right to the possession of the plant, and fixed a sum to be paid therefor. Whether the submission to award is binding upon all of the parties as a common-law arbitration, or whether the Farmers are estopped from denying the validity of the award because of the above and other matters discussed by counsel, not necessary to be stated, does not go to the question of jurisdiction. The Farmers and the Dexter Seed Company may be bound ever so firmly by the contract or by estoppel, without in any way conferring jurisdiction upon the court to cause judgment to be entered upon the award. The binding provisions of the contract and the status of the parties, as fixed by such contract, their interpretation thereof and conduct thereunder, doubtless present important questions, but they in no way determine the matter of jurisdiction.

It is our conclusion that the failure of the parties to validly acknowledge the articles is fatal to the jurisdiction of the court, and that the judgment entered cannot be permitted to stand. Questions of fraud, partiality, and misconduct on the part of the two arbitrators signing the award need not be given consideration, and might possibly arise in future litigation; and we express no opinion thereon, either as to the fact or sufficiency thereof to impeach the proceedings as a common-law arbitration.

It follows that the judgment of the court below must be and is reversed, upon the sole ground that same was entered without jurisdiction.—*Reversed.*

Weaver, C. J., Ladd and Arthur, JJ., concur.