SHELDAHL SAVINGS BANK, Appellant, v. FARMERS GRAIN COM-
PANY, Appellee.

**ACKNOWLEDGMENT:** Impeachment. A certificate of acknowledg-
1    ment appearing on an instrument in due form can be overthrown
only by testimony which is clear and satisfactory—by more than a
preponderance of testimony, as the term is ordinarily used. Testi-
mony reviewed, and held insufficient.

**ALTERATION OF INSTRUMENTS:** Evidence—Sufficiency. Evidence
2    reviewed, and held insufficient to establish an alteration.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

MARCH 4, 1924.

ACTION to recover the value of certain corn which plaintiff
alleged was converted by the defendant. Verdict and judgment
for defendant. Plaintiff appeals.—*Reversed.*

*George Wambach,* for appellant.

*Dunshee & Brody,* for appellee.

STEVENS, J.—The facts are brief, and but two questions
were submitted to the jury. On July 26, 1920, Arthur W. and
Ethel M. Johnson executed a chattel mortgage to appellant, the
Sheldahl Savings Bank, upon a large quantity
of property, to secure the payment of an in-
debtedness to it of $3,118.88. The mortgage
purports to have been acknowledged on the same day before F.
E. Horning, a notary public in and for Polk County. The mort-
gage also purports to cover all crops raised on the premises de-
scribed therein, for the years 1920 and 1921, subject to the lien
of the landlord. Corn, which appellee admits was grown on the
premises described in the mortgage, was sold and delivered to
it by the mortgagors in January, 1921, of the market value of
$380.93. This action, commenced in December, 1921, against
the Grain Company, is to recover the value of the corn.

1. ACKNOWLEDG-
MENT: impeach-
ment.

The defenses set up were that the mortgage was in fact never acknowledged by the mortgagors, and that the words "and all crops raised on the southwest quarter and the southwest quarter of the southeast quarter of Section 11, Township 81, Range 25, West of the 5th P. M. Polk County, Iowa, for years 1920 and 1921, not subject to landlord's lien," were inserted in the mortgage after it was signed, without the knowledge or consent of the mortgagors. Both Johnson and his wife testified that the mortgage was sent them by the bank by mail for signature; that they signed it and returned it to the bank by mail; and that it was not signed or acknowledged in the presence of, or before, the notary. They also testified that the language quoted above was not in the mortgage at the time they signed it. Some circumstances slightly corroborating the testimony of these witnesses were also shown by the testimony of one or two witnesses called by appellee.

Opposed to this evidence was the testimony of the notary, the scrivener who wrote the mortgage, and the cashier of the bank. The notary and the cashier both testified positively that the mortgagors signed and acknowledged the mortgage in the bank on July 26, 1920, after having read it over carefully in the bank. The scrivener who prepared the instrument, and who was the assistant cashier of the bank, testified that the description of the property as it appeared in the mortgage at the time of the trial was exactly as he wrote it, and as it was at the time it was signed.

The sufficiency of the evidence to impeach the acknowledgment was challenged in the court below by motion for a directed verdict, and again in a motion for a new trial. The mortgage, as stated, was executed July 26, 1920. The corn in controversy was sold in January, 1921, and judgment was entered in the court below on May 31, 1922. The testimony of the Johnsons was offered in the form of depositions, they having, shortly after the corn was sold, removed to Colorado.

It is disclosed by what we have already said that the only testimony in any way bearing directly upon the claim of appellee that the mortgage was not acknowledged is that of the mort-

2. ALTERATION OF INSTRUMENTS: evidence: sufficiency.    gagors, whose interest in the controversy is indicated by the foregoing statement. The `pre-sumption which the law creates in favor of a notary's certificate should not and cannot be easily overcome. The necessity and importance of acknowledgments of deeds, mortgages, and kindred instruments are such as to require for their impeachment something more than a mere preponderance of the evidence, as that term is customarily used. Some courts have gone so far as to hold that the unsupported denial of the grantor is insufficient to impeach the certificate of the notary. *Dickinson v. Dickinson*, 305 Ill. 521 (137 N. E. 468). The rule in this state does not go that far, but we do hold that certificates of acknowledgment are entitled to great weight, and that to impeach them, the evidence must be clear and convincing. *Bird v. Adams*, 56 Iowa 292; *Bailey, Wood & Co. v. Landingham*, 53 Iowa 722; *Herrick v. Musgrove*, 67 Iowa 63; *Swett v. Large*, 122 Iowa 267; *Gribben v. Clement*, 141 Iowa 144; *Currier v. Clark*, 145 Iowa 613; *Blachly v. Newburn*, 179 Iowa 790; *Brannon v. Brannon*, 186 Iowa 665; *Farmer v. Ames-Farmer Canning Co.*, 190 Iowa 1259; *Vanderveer v. Warner*, 191 Iowa 1106. See, also, *Houlihan v. Morrissey*, and extended note appended thereto, Ann. Cas. 1917 A 364.

The notary whose name is signed to the acknowledgment of the mortgage in question testified positively that both Johnson and his wife appeared at the bank and signed and acknowledged the instrument in his presence. The testimony of Peterson, the cashier, is equally emphatic. They testified that Johnson and his wife arrived at the bank in the morning early, and that Johnson talked with them before the notary arrived at the bank. The denial of the Johnsons that they signed and acknowledged the instrument in the presence of the notary, under the circumstances disclosed, is not persuasive.

In addition to the matters recited, is the original mortgage, which has been certified to this court for inspection. Both Johnson and his wife emphatically denied that the mortgage purported to cover the crops raised on the premises occupied by them at the time of its execution. The mortgage is an ordinary blank form, with the description and other necessary blanks filled in in typewriting. The only description of the premises

on which was situated the property described in the mortgage, which consisted of mules, horses, cattle, hogs, and farm implements, is that contained in the disputed language. The disputed language is followed by the following:

"The above property belongs to me, is now in my possession on *premises above described in Polk* County, Iowa, and is clear of all incumbrances."

It is not claimed that the words in italics, which appear in the original instrument in typewriting, were inserted after the instrument was signed. If they were not, then they were perfectly meaningless unless they referred to the disputed language, as otherwise the premises were not described in the mortgage. The description, which, as stated, is in typewriting, bears frequent punctuation marks, and the names of horses or mules, where inserted in the description, are placed in quotation marks, thus showing care upon the part of the scrivener in the preparation of the instrument. The words immediately preceding the disputed language are as follows: "And all increase on above live stock." The word "stock" is not followed by a period or other punctuation, and the instrument bears no trace of any erasure at this point. Thus, the testimony of the notary and Peterson is strongly corroborated by the physical facts. The physical facts tend to impeach the credibility of Johnson's testimony.

It is true that the verdict of a jury upon disputed questions of fact is ordinarily conclusive upon this court; but, in view of all the facts and circumstances disclosed in the record, and the character of the proof required to impeach an acknowledgment where the certificate of the notary is supported by his positive testimony, we are persuaded that the evidence is insufficient to sustain the verdict on the ground that the mortgage was not properly acknowledged. The jury, it is true, did not make a special finding on this point; but the issue was submitted by the court under instructions both incomplete and inadequate, and we cannot say that they were not prejudicial, even if we were to concede that the evidence was sufficient to sustain appellee's claim that the mortgage was altered, and that, as it was originally written, it did not cover the corn in question.

No proper exceptions were preserved to the instructions,

and no instructions were asked by appellant. We cannot, there-fore, consider or give weight to the incompleteness and inade-quacy of the charge.

A most careful and searching examination of the record satisfies us that the evidence of the Johnsons, disputed as it is by the notary and other witnesses, and in other respects by the physical facts, is neither strong nor convincing, and that the verdict of the jury should not be permitted to stand. It fol-lows that the judgment of the court below is, accordingly,—
*Reversed.*

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.