GEORGE F. MANNING & another, executors, *vs.* EDGAR W. ANTHONY.

Norfolk.    January 18, 1911. — March 9, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Frauds, Statute of.    Practice, Civil,* Ordering verdict.

An oral promise of the owner of an equity of redemption in real estate, which is subject to a mortgage made by his grantor, to pay the mortgage note within a certain time less than a year to its holder, who is the assignee of the mortgage, in consideration of such holder's forbearance from foreclosing the mortgage, is not a promise to answer for the debt, default or misdoings of another within the meaning of R. L. c. 74, § 1, cl. 2.

Where at the trial of an action of contract a special finding of the jury has established the facts alleged by the plaintiff, which make the defendant liable, and the amount of damages is not in dispute, it is proper for the presiding judge to order a verdict for the plaintiff under instructions which fix its amount.

CONTRACT by the executors of the will of Charles H. Hayden, upon an oral agreement alleged to have been made by the defendant to pay a certain mortgage note for $5,000, dated August 4, 1900, signed by Warren D. Vinal and payable to Albert L. Jewell or order on August 4, 1902, with interest payable semi-annually at the rate of five per cent per annum, the note being secured by a mortgage on a lot of land with the buildings thereon

numbered 206 on Bay State Road in Boston, the plaintiffs' testator being the assignee of the note and the mortgage and the defendant being the purchaser of the equity of redemption in the mortgaged property.   Writ dated April 7, 1906.

The declaration, as amended, contained four counts and alleged a promise of the defendant to pay the note in consideration of the forbearance of the plaintiffs for a reasonable time from instituting foreclosure proceedings upon the mortgage or taking action to enforce the payment of the note.   The defendant's answer to the amended declaration, after a general denial, alleged that if the defendant made any such contract as was set forth in any count of the plaintiffs' declaration, the contract was a special promise to answer for the debt, default or misdoings of another, that such contract was not in writing, and that no memorandum or note thereof was made in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized, such as is required by R. L. c. 74; and further alleged that if the defendant made any such contract as was set forth in any count of the plaintiffs' declaration, the contract was an agreement which was not to be performed within one year from the making thereof, that such contract was not in writing, and that no memorandum or note thereof was made in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized, as required by R. L. c. 74.

In the Superior Court the case was tried before *Morton*, J. The judge ruled that the statute of frauds did not apply to the case, and the defendant excepted to this ruling.   The judge submitted to the jury two special questions as follows:

" Has the plaintiff satisfied you by a fair preponderance of the evidence (1) that the contract was made as alleged in the declaration and claimed by him to have been made, and (2) that he complied with the terms thereof ? "

To each of these questions the jury answered " Yes."

The jury also brought in a general verdict for the plaintiff, which the judge set aside on the ground that it was improperly brought in.   Thereupon a discussion took place between the judge and the counsel for the defendant, during which the counsel for the defendant said, " In the first place, the defendant

excepts to the ruling of the court that upon all the evidence —
or at least we ask a ruling that upon all the evidence in the
case there is nothing for the jury and a verdict should be or-
dered for the defendant.    And we further ask the court now, —
a special verdict having been found, two questions having been
answered in favor of the plaintiff — upon the case as it stands,
that the court order that a verdict be returned for the plain-
tiff, and to that we except on the ground that on the basis of
the special verdict there is nothing else in the case.    And on all
the evidence they are not entitled to recover."    To this the
judge replied, " Those requests are refused and your exception
is noted."

At the end of the discussion the judge again submitted the
case to the jury, instructing them as follows:

" I am going to submit some questions to you, and so you will
take the case again for the purpose of answering these questions.
You will have to determine the question under the declaration
as to when the defendant agreed that that note should have been
paid.    Interest, of course, must be reckoned at the rate of the
note up to the time that the defendant was under obligation to
pay, and thereafter it is to be reckoned at the rate of six per cent.
There are three counts in the declaration that you will have with
you, and these are the questions that I am going to ask you to
determine:

" 1.  What was the date upon which the defendant agreed to
pay the note?

" Not the date of the agreement.    The agreement was that the
defendant should pay the note at some time.    What was that
time?

" (a)  Was it during the month of September, 1902, as alleged
in the second count of the amended declaration?

" (b)  Was it within a reasonable time from the date of the
agreement, as alleged in the fourth count of the declaration, or

" (c)  Was the time of payment left undetermined, as alleged
in count three of the declaration?

" When you have answered that question as to the date you
will have to determine interest, calculate interest from that
date.    This paper you will have with you.    This you will re-
member; it is very simple.

" If the jury find that the date at which the defendant agreed to pay the note was September, 1902, they will reckon interest from that date at six per cent to the present date, crediting all payments of interest subsequent thereto, and find for the plaintiff for $5,000 and the amount of interest thus arrived at.

" If the jury find that the date at which the defendant agreed to pay the note was to be within a reasonable time after the promise was made, the jury are to determine when said reasonable time expired and compute interest therefrom, crediting the payments of interest, if any, and return a verdict for the plaintiff for $5,000 with interest so computed.

" If the jury find that the time of payment was left undetermined no interest is to be calculated.

" You will retire and answer those questions. You will make your verdict in accordance with the directions I have just given you. Fix the time. When you fix that time, calculate interest, giving credit for any payment of interest. For instance, there was a payment on it. There is no question about that. If you find September, 1902, was the date upon which the defendant was under obligation to pay the note you will calculate your interest at six per cent. from that time, and you have got to credit the payment of $125 which was made."

To the foregoing instructions the defendant excepted.

To the question, " What was the date upon which the defendant agreed to pay the note?" the jury answered, " September 13, 1902."

The jury returned a verdict for the plaintiff in the following form: " The jury find for the plaintiff and assess damages in the sum of $5,000 with interest at five per cent from August 4, 1902, to September 13, 1902, $27.40 and interest at six per cent from September 13, 1902, to May 11, 1910, $2,298.33. Total interest, $2,325.73, less $125 paid February 17, 1903. Balance interest due $2,200.73." The defendant alleged exceptions.

*S. L. Whipple*, for the defendant.

*J. W. Farley*, (*J. W. Spring* with him,) for the plaintiffs.

BRALEY, J. The evidence warranted the special findings of the jury, that the defendant agreed to pay the overdue mortgage note if the plaintiff would not foreclose, and that in reliance upon the promise foreclosure proceedings were not instituted.

The title to the equity of redemption stood in the defendant's name, but the note and mortgage having been given by his grantor, the principal defense is, that, if the promise was collateral, no sufficient memorandum in writing was ever given, or if original, the agreement was not to be performed within one year from its date, and the action, therefore, is barred by R. L. c. 74, § 1, cl. 2, 5. The last contention, if it were not disposed of by the very terms of the agreement, is settled by the third special finding of the jury, that the period of performance was understood to be less than the statutory time. *Roberts* v. *Rockbottom Co.* 7 Met. 46. If a special promise to answer for the debt of another must be evidenced by a memorandum or note in writing signed by the party to be charged, even if the consideration expressed therein may be shown by extrinsic evidence, the testimony is plenary, that the defendant's controlling motive was to prevent a foreclosure for his own benefit, or, as he testified, to protect the interests of the corporation with which he was connected, although neither could have been compelled by suit to pay the note of the mortgagor. *Ames* v. *Foster,* 106 Mass. 400. *Carleton* v. *Floyd, Rounds & Co.* 192 Mass. 204. R. L. c. 74, § 2. *Bogigian* v. *Booklovers Library,* 193 Mass. 444. The defendant's promise, as the jury specially found, was to pay a debt for which the property could have been held, and, the plaintiffs' forbearance to press the right of foreclosure having been a sufficient consideration to support the promise, the ruling that the contract was independent of the statute was right. *Mackin* v. *Dwyer,* 205 Mass. 472, 475, and cases cited. *Fish* v. *Thomas,* 5 Gray, 45. *Fears* v. *Story,* 131 Mass. 47. *Stratton* v. *Hill,* 134 Mass. 27, 30. *Paul* v. *Wilbur,* 189 Mass. 48, 52.

The defendant's evidence having tended to prove that he acted or intended to act in a representative capacity, he contends that this question should have been submitted to the jury, and that the judge erred in directing a general verdict for the plaintiffs upon the special findings. It is clear from the record that the request was not made until after the return of the special findings under the first two questions. But, the defendant not having called to his attention the question of agency, the judge evidently understood when the testimony closed, and so stated to the jury, that the only matter of law the defendant

intended to raise was that which we have discussed. If the defendant desired to present this question he should have asked for a ruling before the judge instructed the jury. It came too late as a matter of right after the special findings had been submitted and answered. *Keohane, petitioner*, 179 Mass. 69. Bu. the general verdict simultaneously returned was at once set aside by the judge on his own motion without any objection being made by the parties, as no instructions had been given in reference to the amount which the plaintiffs were entitled to recover. A general verdict, however, was necessary at some stage of the proceedings, and the defendant then for the first time asked the judge to rule, that upon all the evidence in the case there was nothing for the jury and that a verdict should be ordered for the defendant, and that, if the defendant promised as the jury had found, a verdict for the plaintiffs could not be ordered. The judge properly could have refused, as we have said, to entertain this request. But he did not take this course. His final reply after a long colloquy with the counsel for the defendant, that his requests were refused, and " your exceptions noted" saved the point now pressed. The jury then were instructed further to find the time when performance was due from the defendant, and also as to the amount of their verdict, which the judge ordered for the plaintiffs.

But the exceptions, although open, cannot be sustained. The ruling that the agreement, if either entirely oral or evidenced by the letters which passed between the parties, was an original and not a collateral contract, left the question of fact to be determined whether the defendant's promise was unconditional and absolute, as the plaintiffs contended, or whether, as the defendant testified, it was conditional upon a sale of the property which he was trying to arrange but which he did not complete because, as he notified the plaintiffs, his efforts to sell had not been successful. The request that a verdict be ordered for the defendant was rightly refused, and under instructions to which no exceptions were taken to the omission to refer to any question of agency, the jury were correctly instructed, " that an agreement 'of some sort was made there is no question. What the agreement was is the issue here." By their special findings the jury decided that the defendant's promise was his own un-

qualified undertaking to pay the debt as the plaintiffs alleged. It followed that no further question of fact as to the defendant's liability remained to be proved, and, the amount not having been in dispute, the judge properly ordered a verdict for the plaintiffs. *Raymond* v. *Crown & Eagle Mills*, 2 Met. 319. *Winsor* v. *Griggs*, 5 Cush. 210. *Welch* v. *Goodwin*, 123 Mass. 71. *Doucette* v. *Baldwin*, 194 Mass. 131, 135.

*Exceptions overruled.*