CHRISTINE PIPOLO *vs.* FRED T. LEY AND COMPANY, INCORPORATED.

Essex.   November 6, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Damages,* In contract, Loss of profits.

Where a corporation engaged in the electrification of a railroad tunnel, being in need of workmen, made an oral agreement with a woman that she should furnish as many workmen for the corporation as she could and that the corporation should give to her the exclusive privilege of supplying to the workmen, who were to cook their own meals, groceries and provisions until the work was completed, and that the corporation should furnish a shanty and cots for sleeping purposes, if the corporation without justifiable cause discharges workmen procured by the woman and engages other employees who do not trade with her, it is liable, in an action of contract brought by her, for the loss of the profits that she would have realized if the men had not been so discharged.

BRALEY, J. The defendant corporation having directed its general foreman to obtain a large number of additional workmen to enable it to complete a contract for the electrification of a railroad tunnel, he entered into negotiations with the plaintiff, to furnish a number of her countrymen capable of doing the work. By the form of agreement drafted by the defendant's superintendent, with whom the contract was made, the plaintiff was to supply the laborers required, while the company was to "build the shanty and furnish the cots" for their accommodation at the place where the work was to be performed. It is plain, however, from the record, that the jury would have been warranted in finding that the entire contract never was reduced to writing but remained partly oral, and its terms were accurately stated by the plaintiff in her testimony. *Davis* v. *Cress,* 214 Mass. 379. What were the terms of the contract for breach of which the action is brought? The plaintiff contracted for as many men as she could procure, upon condition, that she was to accompany them with "the privilege of having a camp and furnishing a shanty and these men will be in the shanty . . . and that the men would trade with her." The defendant thereupon undertook not only to provide and furnish a shanty with cots, bedding and fuel, but conferred on her the exclusive privilege of supplying

the men, who were to cook their own meals and board themselves, with the necessary groceries and provisions, until the work was completed. It is not contended that the plaintiff failed to perform her part of the undertaking, but the defendant, as the jury could find, discharged the men while the work was under way, although they "were able bodied and competent in every respect," because suitable help could be procured in the vicinity. The effect upon the plaintiff's business, which had been established on the defendant's promise, was disastrous. Her patronage gradually diminished until from the reduced number of men the expense of maintenance exceeded profits, and the plaintiff was compelled to close the store which had been stocked in anticipation of the normal demand for supplies which would have been required, if the men had not been discharged. If the conditions under which the parties acted are considered, the defendant urgently required more workmen and obtained them through the plaintiff, whom it induced to come to its assistance and agreed to compensate in the manner previously stated. The probable consequences which would follow from its refusal of performance were obvious, and must have been contemplated by the defendant when the contract was made. *Hanson & Parker* v. *Wittenberg*, 205 Mass. 319, and cases cited. It is to be presumed, that the case was submitted to the jury under suitable instructions. The action taken by the defendant, if found to have been unnecessary and unjustifiable, entitled the plaintiff to recover not merely "past damages" as denominated in the report,* but damages to be assessed for the loss and deprivation of future profits, which were not speculative but are supported by substantial evidence. *Nelson Theatre Co.* v. *Nelson, ante,* 30, and cases cited. The plaintiff accordingly is to have judgment for the larger sum as stipulated in the report.

*So ordered.*

The case was submitted on briefs.

*W. D. Chapple,* for the defendant.

*M. L. Sullivan & J. J. Ronan,* for the plaintiff.

---

* By *Sanderson,* J., before whom the case was tried.