MEREDITH W. PALMER *vs.* CHARLES W. LAVERS.

Suffolk. January 26, 27, 1914. — June 17, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Equity Jurisdiction,* To enjoin prosecution of appeal from judgment of lower court, Specific performance. *Equity Pleading and Practice,* Appeal. *Contract,* Validity. *Attorney at Law. Constitutional Law,* Right of trial by jury.

At the hearing in the Superior Court of a suit in equity to enforce an agreement by the defendant, made in consideration of the plaintiff releasing a claim of a mechanic's lien on real estate of the defendant upon the defendant giving him a bond without sureties for the payment of final judgment establishing his lien, that the defendant would not appeal from a judgment of a police court on a petition by the plaintiff for the enforcement of the lien, all of the evidence was taken by a commissioner, and, after findings of fact by the trial judge, a final decree was made enjoining the defendant from prosecuting his

appeal and ordering him to pay to the plaintiff the amount of the judgment rendered on the petition to enforce the lien. On an appeal by the defendant from the decree, all the evidence being before this court, it was *held,* that the decree must be affirmed, because it did not appear that the findings of fact by the judge upon which it was founded were plainly wrong.

An agreement by an owner of land, made with one who had filed a statement of a mechanic's lien upon the land, that, if the claimant of the lien would accept a bond signed by the owner without sureties for the release of the lien, he, the owner, would abide by the decision of a police court in which the claimant should file a petition for the enforcement of his lien, is not invalid as ousting the court of its jurisdiction; nor is it in contravention of the provision of the Seventh Amendment to the Constitution of the United States, assuring the right of trial by jury, because that right can be waived and by such an agreement it was waived.

The provision of R. L. c. 173, § 70, that "agreements of attorneys relative to an action or proceeding shall be in writing" in order to be of validity, has no effect upon an agreement, made by an owner of real estate through his attorney for a good consideration, to abide by the judgment of a police court on a petition thereafter to be filed for the enforcement of a mechanic's lien.

BILL IN EQUITY, filed in the Superior Court on February 5, 1912, in which the plaintiff alleged that on August 3, 1910, he filed a certificate claiming a mechanic's lien upon certain real estate of the defendant, that on August 23 the defendant asked him to accept his bond without sureties for a dissolution of the lien and agreed that in consideration of the plaintiff doing so he would abide by the judgment "of the lower court having jurisdiction of the plaintiff's petition to enforce his claim of lien" and would accept the judgment of that court as final and pay it at once; that the plaintiff, in consideration of the defendant's promise, accepted a bond of the defendant without sureties, the condition of which was that, "if the said obligor shall, within thirty days after the final judgment in any suit which may be brought to enforce the aforesaid lien, pay to the party claiming the same the sum of $566.85, being the sum fixed as the value of the property so to be released as aforesaid, or so much of said sum as may be necessary to satisfy any amount for which such property may be found to be subject to such lien in such suit with costs therein then this obligation shall be void, otherwise it shall be and remain in full force and virtue;" that it was understood and agreed that the final judgment referred to was the judgment of the lower court, although the words "of the lower court" were omitted; that the plaintiff prosecuted to judgment in the Police Court of Somerville a petition to enforce his lien; that the defendant had appealed

therefrom and stated that he would not abide by the judgment of the police court and would not pay the judgment at once. The prayers of the bill were that the defendant be enjoined from prosecuting his appeal, that the bond be corrected to accord with the oral agreement of the parties and that the defendant be ordered to pay the amount of the judgment of the police court.

The defendant filed a "plea in bar" denying the making of the alleged agreement to abide by the judgment of the police court. The plaintiff joined issue "on the defendant's answer, or plea in bar."

The suit was heard by *Hardy,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. The judge filed a memorandum of his finding, in which he stated that he was not satisfied that there was a mutual mistake of the parties as to having the words "of the lower court" inserted in the bond, so that he ought not to order a revision of the bond. It appeared that the petition for the enforcement of the plaintiff's lien was filed in the Police Court of Somerville on September 20, 1910, and that judgment thereon was rendered in that court on May 12, 1911. Other material findings contained in the memorandum are stated in the opinion.

A final decree was entered enjoining the defendant from prosecuting his appeal and ordering him to pay the judgment of the police court, $601.88, with interest and costs. The defendant appealed.

*G. P. Bryant,* for the defendant.

*A. S. Apsey,* for the plaintiff.

LORING, J. This is an appeal from a final decree enjoining the defendant from prosecuting an appeal from a judgment rendered by the Police Court of Somerville establishing a mechanic's lien in favor of the plaintiff on land owned by the defendant. The case is before us on the evidence taken by a commissioner at the hearing in the Superior Court.

The defendant's principal contention is that the judge was wrong in finding for the plaintiff upon the evidence. The facts were, in substance, as follows: On August 3, 1910, the plaintiff filed a certificate claiming a mechanic's lien on certain land owned by the defendant, situated in Somerville. On August 23 the defendant's counsel, W. N. Tuller, Esquire, wrote to David T.

Dickinson, Esquire, counsel for the plaintiff, who was then in Holderness, New Hampshire, asking Mr. Dickinson if the plaintiff would be willing to release his attachment on the defendant's giving a bond for the lien. In that letter he said that the reason for the defendant's desiring to get a release of the mechanic's lien was: "He wishes to change his temporary loan now into his permanent loan, and the existence of that lien prevents the completion of the transaction. . . . All we shall ask is that you prosecute your lien to the judgment, when it will be paid at once." On August 24 Mr. Dickinson wrote two letters, one to Mr. Tuller in answer to his letter of August 23, and one to his associate in Boston, Mr. Woodman. In his letter to Mr. Tuller, Mr. Dickinson wrote, "I assume that a prosecution of the lien to judgment in the lower court will be satisfactory, upon which judgment it [the amount due on the mechanic's lien] will be paid." In Mr. Dickinson's letter to his associate, Mr. Woodman, he wrote, "I think this course, as is outlined, particularly the judgment in the lower court being final, helps to expedite matters for Mr. Palmer." On August 24 Mr. Tuller wrote to Mr. Dickinson a further letter in which he stated that the plaintiff was doing other work for Mr. Lavers and that "it would aid Mr. Lavers in meeting this payment if the lien were released as above indicated. We would like to have you wire us at our expense if you are satisfied to have the lien released in the above way." There was nothing in this letter to the effect that the judgment in the lower court should be final. On August 25 Mr. Dickinson sent a dispatch to Mr. Tuller in these words: "I approve accepting Mr. Lavers personal bond and releasing lien."

There was an interview between Mr. Tuller and Mr. Woodman in Boston on the morning of August 25. About this there was no dispute. There was also no dispute about the fact that after that interview a release was drawn by Mr. Tuller and subsequently executed by Mr. Palmer.

Mr. Woodman testified in terms that at this interview on the morning of August 25 Mr. Tuller agreed that the decision of the lower court should be final, and that payment would be made on such judgment being rendered.

Mr. Tuller in his testimony denied that such an agreement was made at that time, but he admitted that at that time the defend-

ant did not contest the plaintiff's bill. Mr. Tuller also testified that he consulted on this matter every day with Mr. Lavers, who had an office adjoining his.

It was left somewhat in doubt, on Mr. Woodman's testimony, whether Mr. Dickinson's telegram of August 25 was before him and Mr. Tuller at their meeting on August 25, when the agreement testified to by him was made; but he testified that all of the letters were then before them except (as we understand the evidence) Mr. Tuller's letter to Mr. Dickinson dated August 24.

On these facts the judge of the Superior Court found that there was an agreement that the judgment in the lower court should be final, and that this agreement was made not by Mr. Tuller as an attorney, but was authorized by the defendant himself. The exact wording of that finding is: "And I am satisfied that at that time the defendant as well as defendant's counsel understood that the plaintiff would only release such mechanic's lien upon the giving of a bond which provided for the payment of the judgment obtained in the lower court." We construe this to be a finding that the defendant authorized the agreement, and that it was not an agreement made by the defendant's attorney as an attorney. The judge made this further finding: "I do not necessarily find by that that it was intended by the parties that it [the bond] should contain the words 'of the lower court,' but I am satisfied that both parties understood when the release was agreed to that the judgment of the lower court would be final."

The question of the terms of the agreement which was made is a matter which depends upon the view which the judge took of the credibility of the witnesses who were seen by him and of the accuracy of the testimony given by them. His finding will not be upset unless it is plainly wrong.

The defendant's principal contention in this connection is that the telegram of Mr. Dickinson was in itself an acceptance of the offer made by Mr. Tuller, and that that offer did not, in terms, contain a provision that the judgment of the lower court should be final. But it is plain that the judge could find that the ultimate agreement was made not by that telegram, but at the interview which took place on August 25, and his finding to that effect cannot be said to be wrong. This finding therefore must stand.

The defendant also has contended that the agreement, if made, is one which the court will not enforce; and he relies in this connection on the well settled doctrine that a collateral agreement for arbitration contained in an executory contract is one which will not be enforced because it ousts the court of its jurisdiction. He also relies upon the decision in *Nute* v. *Hamilton Mutual Ins. Co.* 6 Gray, 174, in which it was held that an agreement that all actions against the insurance company there in question should be brought in Essex County, was one which the court would not enforce. We are of opinion that where one of two parties to a possible litigation, in order to obtain a release from what is equivalent to an attachment, agrees that the judgment of the court of first instance shall be final, that agreement does not come within that principle, and that it is an agreement which is binding and will be enforced. See in this connection *Daley* v. *People's Building, Loan & Saving Association,* 178 Mass. 13; *Mittenthal* v. *Mascagni,* 183 Mass. 19. In the case at bar what the defendant wished was to get his land released from the incumbrance of the plaintiff's claim of a lien. What the plaintiff wished was a speedy payment of his claim. We are of opinion that, under these circumstances, an agreement on the part of the defendant to abide by the decision of the Police Court in consideration of the plaintiff's accepting a bond without sureties for the release of his claim, is a valid agreement which the court will enforce.

The defendant has contended that because it is an agreement made by an attorney it is void under R. L. c. 173, § 70, since it is not in writing. That applies to agreements in a pending cause made by attorneys as such. See in this connection Note of the Commissioners on this section contained in the draft of the first practice act, St. 1851, c. 233, in Hall's Mass. Practice Act, 179, 180. Here no action was pending, and the judge found that the agreement was authorized by the defendant himself. Such an agreement is not within this statute.

The defendant further contended that the agreement is in contravention of the Seventh Amendment of the Constitution of the United States. But the right to a trial by jury is one which could be waived, and by agreeing that the judgment of the lower court should be final, it was waived.

We have not found anything in the cases not noticed above which require special notice.

The entry must be

*Decree affirmed.*