ALONZO B. SEE *vs.* FORRIS W. NORRIS & others, trustees.

Suffolk. December 8, 1919. — January 6, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Evidence,* Extrinsic affecting writings. *Attorney at Law. Agency,* Scope of em-
ployment. *Estoppel.*

In a suit in equity to restrain the defendant from proceeding with a sale in fore-
closure of a mortgage of certain real estate upon which the plaintiff had a me-
chanic's lien, an injunction was issued enjoining the sale *ad interim.* The
attorneys for the parties thereupon entered into a stipulation, which was filed in
the suit in equity and provided that the defendant would bid at the foreclosure
sale at least an amount equal to the amount of the mortgage and the plaintiff's
claim, and that the "*ad interim* injunction is to have no further effect." The sale

took place and the stipulation was performed according to its provisions. Subsequently, the plaintiff brought an action against the defendant for the amount of the lien, contending and offering evidence tending to show that the stipulation did not include the entire agreement, but that the parties further agreed orally that the defendant should, from the proceeds of the sale, pay to the plaintiff the amount of the lien. At the trial of the action there was no evidence of express authority to the defendant's attorney to make the additional oral agreement, nor that the defendant knew of that agreement previous to the bringing of the action at law. *Held,*

(1) That the existence of the stipulation and the nature of its provisions did not render inadmissible evidence tending to prove that it did not constitute the entire contract between the parties;

(2) That, there being no evidence of knowledge of the oral agreement by the defendant, no finding of ratification by him was warranted;

(3) That, while the making of the stipulation above described was incidental to the management of the suit in equity by the attorney on behalf of the defendant and therefore was within the scope of his authority as attorney, it was not within the implied power of the attorney to make the further oral agreement upon which the plaintiff relied;

(4) That the defendant was not precluded from relying in defence on a lack of authority in his attorney to make the agreement relied on by the plaintiff, although a part of the agreement, that contained in the stipulation, was within the attorney's power and had been acted upon by the plaintiff in assenting to the dissolution of the injunction in the suit in equity, such authorized part of the agreement being distinct and severable from the unauthorized part which the plaintiff sought to enforce.

At the trial of the action above described, the attorney for the defendant, referring to the agreement contained in the stipulation, testified that "so far as relates to these [the then pending] cases, I was authorized to do what I did." *Held,* that this was not evidence of actual authority in the attorney to make the oral contract relied on by the plaintiff.

CONTRACT, with a declaration as amended in two counts, the first count being for $2,195.97, money alleged to have been had and received by the defendants to the use of the plaintiff. In the second count the plaintiff alleged a breach of an agreement by the defendants to pay to him the amount of a mechanic's lien, which was upon premises numbered 1340 Commonwealth Avenue in Boston, in consideration of the plaintiff allowing a dissolution of an injunction restraining the defendants from proceeding with a sale in foreclosure of a mortgage upon the premises. Writ dated November 18, 1916.

In the Superior Court the case was tried before *White,* J. The material evidence is described in the opinion. At the close of the evidence the judge ordered a verdict for the defendants and reported the case for determination by this court, judgment to be

entered for the plaintiff in the sum of $2,400 if, upon so much of the evidence as was competent and material, the case should have been submitted to the jury upon either count of the declaration; and, if the ruling ordering the verdict for the defendants was right, judgment to be entered upon the verdict.

The case was submitted on briefs.

*A. Berenson & H. U. Smith,* for the plaintiff.

*J. E. Eaton, E. T. McKnight & S. W. C. Downey,* for the defendants.

JENNEY, J. The plaintiff instituted proceedings to enforce a mechanic's lien on land and buildings on Commonwealth Avenue in Boston. The lien was established and a warrant of sale issued on October 26, 1916; but no sale has been held, nor has the amount for which the lien was established been paid.

The defendants were mortgagees of the real estate, holding a first mortgage for $55,000, a second for $15,000, and a third for $8,000. The validity of the second and third mortgages and their priority to the plaintiff's lien was disputed, although it did not appear that the mortgagees were named as defendants in the proceedings to establish the lien, or that they ever appeared therein. The defendants shortly before October 26, 1915, during the pendency of the plaintiff's petition to enforce the lien claimed by him, commenced to foreclose under the power of sale contained in the first mortgage. On that day, the plaintiff filed a bill in equity against the defendants which was based on his claim of lien, and in it he asked for an injunction against the foreclosure and for an accounting. An *ad interim* injunction was issued. On November 1, 1915, the defendants by their attorney filed in said case the following stipulation: "The trustees of the City Realty Trust, the respondents in the above entitled action, hereby stipulate and agree that they will bid at the foreclosure sale mentioned in the plaintiff's bill at least an amount equal to the amount of the first mortgage of $55,000, and accrued interest thereon plus an amount equal to the plaintiff's claim. The *ad interim* injunction is to have no further effect." Thereupon the injunction was dissolved and the foreclosure sale took place. It is admitted that the amount bid at the sale was large enough to comply with the stipulation.

The plaintiff's contention is that the stipulation was incidental

to and a part of a contract, otherwise oral, entered into by the attorney for the defendants and in their behalf with his attorney, and made the following offer of proof: "I offer to show that the consideration for entering into this stipulation was an agreement by the defendants at the foreclosure to bid in the property at enough, for an amount at least equal to $55,000 and interest, plus the plaintiff's claim and to pay such claims as soon as the lien was established, — when the lien was so established."

The proffered evidence was excluded, subject to the plaintiff's exception, but he later was permitted to introduce evidence, subject to the defendants' exception, that he did not make a sale under the warrant because of an agreement between his attorney and that of the defendants, that the agreement so made was substantially in accord with his offer of proof, and that the injunction was dissolved because of the stipulation filed under this agreement. The evidence as to the making of the agreement was conflicting, but the jury would have been warranted in finding that a contract was made as claimed by the plaintiff.

The existence and terms of the stipulation did not prevent the admission of evidence to prove that it did not in fact constitute the entire contract between the parties. *Davis* v. *Cress,* 214 Mass. 379. *Pipolo* v. *Fred T. Ley & Co. Inc.* 216 Mass. 246. *Glackin* v. *Bennett,* 226 Mass. 316, 319.

If such a contract was made by the defendants' attorney and with their authority, the plaintiff is entitled to maintain this action. *Fish* v. *Thomas,* 5 Gray, 45. *Brightman* v. *Hicks,* 108 Mass. 246. *Blaisdell* v. *Winthrop,* 118 Mass. 138. *Manning* v. *Anthony,* 208 Mass. 399. *Palmer* v. *Lavers,* 218 Mass. 286.

It is not necessary to consider whether R. L. c. 173, § 70, requiring that agreements of attorneys relative to an action or proceeding be in writing, applies (see *Palmer* v. *Lavers, supra*) because of our conclusion as to the only remaining question, which relates to the authority of the defendants' attorney to make the contract in question. There was no evidence that the defendants knew of any such agreement previous to the bringing of this suit; hence there is nothing on which ratification can be founded; nor in the absence of knowledge was there any duty of disaffirmance. *Smith* v. *Abbott,* 221 Mass. 326. *Schwartz* v. *American*

*Surety Co. of New York,* 231 Mass. 490. The dissolution of the injunction was in accordance with the stipulation, the making of which was incidental to the management of the suit in which it was entered. *Hahn* v. *Loker,* 229 Mass. 363. The defendants, while bound by the stipulation, were not obligated beyond the authority actually or inherently vested in their attorney.

The evidence was not sufficient to justify a finding that the defendants actually authorized the making of the contract upon which the plaintiff bases his action. Nor was such authority fairly necessary in or incidental to the prosecution or management of an existing action. It purported to create new rights not incidental to a pending suit, and to bind the defendants to the performance of a new obligation. It was not a contract affecting only the remedy or relief sought in a pending case. It follows that the agreement was not one within the implied authority of the attorney. *Hahn* v. *Loker, supra,* and cases cited. *Smith* v. *Abbott, supra.* *Bryant* v. *Rich's Grill,* 216 Mass. 344, is distinguishable in its facts. The agreement there made did not create any new rights, but related only to an existing cause of action which it terminated. In any event, this case did not broaden nor control the general and well settled principles applicable to the authority of an attorney.

The defence of lack of authority is available, notwithstanding that a distinct and severable part of the agreement was within the power of the attorney. *Brown* v. *Henry,* 172 Mass. 559, 566. *Drumright* v. *Philpot,* 16 Ga. 424. The stipulation contained an agreement on the part of the defendants wholly distinct from that involved in this action, but its effect and enforcement are not now under consideration. The fact that the injunction was dissolved under its terms did not add to the authority, nor estop the defendants from proving that it did not exist. The plaintiff's action is not in any way founded on the injunction or its dissolution but is based on an alleged contract to pay the lien when established. It is contended that the injunction was dissolved only because of the agreement and as one of its terms, and that for that reason the defendants cannot now assert the lack of authority inasmuch as the plaintiff cannot be restored to his rights under the injunction; but this argument is not tenable. It would result in

the creation of authority when it did not exist, and where the principal cannot undo the unauthorized act.

The plaintiff contends that there was evidence of actual author-ity proper for submission to the jury, because in connection with his evidence as to what he actually did and what agreements he actually made, which evidence was in sharp and direct conflict with that of the plaintiff, the attorney who acted for the defendants testified without objection that "so far as relates to these [the then pending] cases, I was authorized to do what I did." But a careful examination of the record shows that this language related solely to the agreement which the attorney testified that he made, namely, that contained in the stipulation.

It follows that a verdict for the defendants was ordered properly, and that judgment must be entered on the verdict in accordance with the terms of the report, and it is

*So ordered.*