Alonzo B. See *vs.* Stanley W. C. Downey.

Suffolk.　　March 17, 1926. — May 26, 1926.

Present: Crosby, Pierce, Carroll, & Wait, JJ.

*Deceit. Agency,* Agent's liability in tort to third party for making contract without authority. *Contract,* What constitutes, In writing. *Evidence,* Extrinsic affecting writing. *Frauds, Statute of. Attorney at Law.*

In an action of tort for deceit against an attorney at law, the plaintiff contended that the defendant falsely represented that he had authority from his client to make an agreement with the plaintiff whereby, if the plaintiff would consent to the dissolution of an injunction, issued in a suit in equity brought by the plaintiff and preventing the defendant's client from foreclosing a first mortgage, the defendant's client would proceed with a foreclosure sale, would bid in the property at the sale for a price equal to the amount due on the mortgage and the plaintiff's

claim, which was secured by a lien, and would pay the claim when the lien was established. Subject to exceptions by the defendant, evidence was admitted of conversations between the plaintiff's attorney and the defendant, both before and after the filing of a stipulation in writing in the equity suit, in which conversations the defendant represented himself as authorized to make an agreement, not described in the stipulation, to pay the plaintiff when his lien was established, and purported to make such agreement on behalf of his client. *Held*, that no provision of the statute of frauds nor the provisions of G. L. c. 231, § 72, that agreements of attorneys relating to an action or proceeding shall be invalid unless in writing, made the admission of the evidence improper.

CONTRACT OR TORT, with a declaration in a single count in which the plaintiff alleged that the defendant represented to the plaintiff that he had authority as attorney for one Forris W. Norris and others to make an agreement with the plaintiff whereby, if the plaintiff would consent to the dissolution of an injunction which prevented the defendant's clients from foreclosing a first mortgage, the defendant's clients would go forward with a sale in foreclosure and would buy the property at the sale for a sum at least equal to the amount due on the first mortgage plus the amount of a claim which the plaintiff had upon the property under a mechanic's lien, "and would pay the plaintiff's claim when the lien was established"; that the plaintiff therefore was induced to make the agreement; that thereafter the agreement was repudiated by the defendant's clients because not authorized by them; and that the plaintiff was damaged in the sum of $1,935. Writ dated March 5, 1920.

In the Superior Court, the action was tried before *Qua*, J. Material evidence and the only exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $3,255.87 and the judge reported the action for determination by this court.

*C. S. Hill*, (*F. D. Bonner* with him,) for the defendant.

*E. Adlow*, (*B. Berenson* with him,) for the plaintiff.

CROSBY, J. After the decision in *See* v. *Norris*, 234 Mass. 345, in which it was held that the defendant in the case at bar had no authority as attorney to make the agreement on behalf of Norris, relied on by the plaintiff in that action, this suit was brought against Downey, wherein it is alleged in

substance that he falsely represented that he had authority to make a certain oral agreement as attorney for Forris W. Norris and others, trustees, with the plaintiff, and that by reason of such lack of authority so to act the plaintiff suffered damage. The case was tried in the Superior Court. The plaintiff elected to rely upon the allegations of the declaration sounding in tort. The case is before this court on a report of all the material evidence. The question of law presented is, whether the trial judge properly admitted evidence of certain conversations between the defendant and one Arthur Berenson, Esquire, a witness called by the plaintiff.

There was evidence that Mr. Berenson, as attorney for the plaintiff, filed a petition in the Superior Court to enforce a lien on the premises No. 1340 Commonwealth Avenue, in the city of Boston, to recover the amount due for installing an elevator in the building on the premises. At the time the lien was filed, Norris and others, as trustees of the City Realty Trust, held a first mortgage on the premises for $55,000, and later acquired by assignments two subsequent mortgages for $15,000 and $8,000 respectively. Shortly before October 26, 1915, and during the pendency of the proceedings to enforce the lien, the trustees commenced proceedings to foreclose the first mortgage. On October 26, 1915, the plaintiff filed a bill in equity to restrain the foreclosure of the mortgage on the ground that his lien had priority over the mortgage by reason of some defect in the title of the mortgagor. An *ad interim* injunction was issued restraining the trustees from foreclosing the mortgage, and an order of notice was issued returnable November 1, 1915. On that day the defendant, as attorney for the trustees, and Mr. Berenson, as attorney for the plaintiff, filed the following stipulation in court: "The trustees of the City Realty Trust, respondents in the above entitled action, hereby stipulate and agree that they will bid at the foreclosure sale mentioned in the plaintiff's bill at least an amount equal to the amount of the first mortgage of Fifty-five Thousand Dollars ($55,000.00) and accrued interest thereon, plus an amount equal to the plaintiff's claim. The *ad interim* injunction is to have no further effect." This stipulation was signed by the attorneys for

the trustees and approved by Mr. Berenson as attorney for the plaintiff. The injunction was thereupon dissolved and soon afterwards the foreclosure sale took place and the property was bid in by a representative of the trustees for the amount due on the first mortgage plus $2,800.

The witness Mr. Berenson testified that on November 1, 1915, before the stipulation above referred to was signed, the defendant told him in substance that he had talked with his clients, the trustees, and that they wanted to proceed with the foreclosure proceedings but could not do so unless the injunction was dissolved; that the defendant suggested they enter into an arrangement by which the trustees would bid off the property for enough to pay the plaintiff's claim and after "we have bid it in, we will take care of your claim"; and that Mr. Berenson said such an arrangement would suit him. The witness further testified that he asked the defendant how the plaintiff was to get his money, and the defendant replied that just as soon as the plaintiff obtained a warrant for the sale of the property to satisfy the lien to let him know and he would send a check for the amount of the plaintiff's claim; that the defendant further said, " 'You won't have any difficulty about it and just as soon as you get your lien established, you let me know and I will send you a check for it.' That that was said right at the time of the signing of the agreement"; that the witness said to the defendant, " 'Your clients are perfectly good for this, aren't they?' and he responded that they were perfectly good and that the witness said, 'Will they pay?' and that Downey responded, 'Oh, yes, no difficulty.' " He also testified that at the time the stipulation was entered into he told the defendant he did not want any further trouble and said, " 'All your clients know about this, don't they?'; that Downey answered, 'Oh, yes, I have telephoned and I have made this all with their authority.' " After the stipulation was entered into the injunction was dissolved.

The plaintiff contends that the stipulation does not represent the entire contract between the parties, but that it was incidental to an oral contract by which the defendant, purporting to act as attorney for the trustees, promised to pay

the plaintiff the amount of his claim after he had established his lien, and that because of that agreement the injunction was dissolved. The defendant denies that he offered to pay the plaintiff the amount of his claim, but admits that he was not authorized by his clients to make such an agreement.

The defendant testified that he had authority to bid in the property at the foreclosure sale for a sum at least equal to the amount of the first mortgage and interest, plus the amount of the plaintiff's claim as provided in the stipulation, but that he had no authority to pay the plaintiff the amount of his claim after he had established his lien.

We are of opinion that the evidence of the oral contract was admissible. In *See* v. *Norris, supra,* it was said that "If such a contract was made by the defendants' attorney and with their authority, the plaintiff is entitled to maintain this action." It was also held in that case that the existence of the stipulation did not prevent the admission of evidence to prove that it did not in fact constitute the entire contract between the parties.

If, as the jury could have found, the defendant falsely represented that he had authority on behalf of his clients to pay the plaintiff's claim out of the proceeds of the foreclosure sale, and by reason of such false representations the plaintiff was thereby induced to consent to the dissolution of the injunction, the plaintiff is entitled to maintain this action. The contention that the conversations between the parties before the stipulation was signed were inadmissible as tending to vary the terms of a written instrument is untenable; it could have been found that the conversations related to an independent oral contract. The agreement is not unenforceable because of the statute of frauds. R. L. c. 74, § 1 (G. L. c. 259, § 1). The promise of the defendant to pay the amount of the lien was not a promise to pay the debt of another within the meaning of the statute. The promise was to pay a debt for which it could have been found the property would have to be sold to satisfy the lien; and the plaintiff's agreement that the injunction be dissolved and his right to enforce the lien waived was a sufficient consideration to support the promise. The contract was independent

of the statute. *Manning* v. *Anthony,* 208 Mass. 399, 403, and cases cited.

The jury would have been warranted in finding that the promise of the defendant was not made on his individual account, but on behalf of his clients as their attorney and representative, and for this reason it is not within the statute of frauds. *Hoffman* v. *Charlestown Five Cents Savings Bank,* 231 Mass. 324, 329.

The plaintiff in this action is not attempting to enforce any promise made by the defendant, but is seeking to hold him liable in deceit for falsely representing himself as having authority to make a contract. The cases cited by the defendant on this issue are not applicable to the facts in the present case.

The agreement relied on by the plaintiff was not invalid by reason of R. L. c. 173, § 70, (now G. L. c. 231, § 72,) which provides that agreements of attorneys relating to an action or proceeding shall be invalid unless in writing. This question was referred to, but not decided, in *See* v. *Norris, supra.* The statute does not apply to all agreements of attorneys, but only to those relating to an action or proceeding, which we construe as relating to a pending case. It does not apply to agreements between attorneys acting for their clients with reference to matters not involved in litigation. The agreement in question had to do with the payment of money out of the proceeds of a foreclosure sale which was independent of the suit in equity pending in court. *Savage* v. *Blanchard,* 148 Mass. 348. *Palmer* v. *Lavers,* 218 Mass. 286. It is a sufficient answer to this ground of defence to say that the statute relates to agreements which attorneys are authorized by their clients to make, but that it has no application to agreements made on behalf of clients by attorneys acting without lawful authority.

The evidence of the conversations between the defendant and the witness Mr. Berenson was rightly admitted, and the exception thereto must be overruled.

As no error of law is shown by the record, judgment should be entered for the plaintiff on the verdict, in accordance with the terms of the report.

*So ordered.*