*Municipal Court
of the City of Boston*
No. 151517

## JAMES J. DERBA, INC.

v.

## HAMILTON SERVICE, INC.

Argued: Dec. 8, 1967 Decided: Jan. 8, 1968

*Present:* Adlow, C.J., Morrissey, Foster, J.J.

Case tried to *Gorassi, Sp.J.*, in the Municipal Court of the City of Boston. No. 151517

*Adlow, C.J.* In this action of contract James J. Derba, Inc., brought an action against the Hamilton Service, Inc., based on the following declaration:

> "The plaintiff says that on October 15, 1965, Commonwealth Management, Inc. owed it the sum of $7,930.54 for goods sold and delivered, and the plaintiff was about to sue the said Commonwealth Management, Inc. to recover the same, and in consideration that the plaintiff would forbear to sue the said Commonwealth Man-

agement, Inc., and for other valuable consideration, the defendant made an agreement to pay the same to the plaintiff, a copy of which is hereto annexed, and the plaintiff did forbear to sue the said Commonwealth Management, Inc. and the defendant owes the plaintiff the said sum.'' To this declaration the defendant demurred and, after hearing, the court overruled the demurrer. The defendant being aggrieved by the ruling brings this report.

 There was no error. The allegation of the plaintiff is that it ''was about to sue the Commonwealth Management, Inc. . . . . ., and in consideration that the plaintiff would forbear to sue the said Commonwealth Management, Inc. and for other valuable consideration, the defendant made an agreement to pay the same to the plaintiff, . . . . ., and the plaintiff did forbear to sue the said Commonwealth Management, Inc. . . . .'' If the plaintiff could prove the above facts it had a good cause of action. Forbearance to bring suit for a time is a sufficient consideration for a contract. *Boyd* v. *Frieze,* 5 Gray 553. *Paul* v. *Wilbur,* 189 Mass. 48, 52-53. *Manning* v. *Anthony,* 208 Mass. 399, 409. *See* v. *Downey,* 256 Mass. 47, 51. *Washington etc. Realty Co.* v. *Freedman,* 263 Mass. 554, 559. The demurrer was properly overruled.

At the trial of the issue raised by a general denial to the above declaration there was evidence tending to show that

(1) Beginning in October, 1964 the defendant (hereinafter referred to as Hamilton) operated a motel facility known as Hamilton House at 1110 Commonwealth Avenue in Boston;

(2) That the motel contained a restaurant known as the Royal Colony Restaurant, function rooms, and since January, 1965, a lounge called the Kismet Lounge as well as room service facilities which were operated under a written contract by Commonwealth Management, Inc. (hereinafter called Commonwealth). This contract was in evidence and dated June 26, 1964;

(3) On June 26, 1964 Hamilton entered into a contract with Michael Zirpalo who was the chief executive and principal of Commonwealth. Under this contract said Zirpalo had primary responsibility for operation of all the facilities under contract to Commonwealth in accordance with Hamilton's policies and standards. This contract was in evidence.

(4) On October 10, 1965, when Commonwealth owed the plaintiff, hereinafter referred to as Derba, the sum of $6,732.77 for meat sold to Commonwealth, there was a fire in the Kismet Lounge. Commonwealth had no fire insurance and owed considerable money in addition to that owed Derba;

(5) On October 15, 1965 Commonwealth and Zirpola by mutual arrangement with Hamilton cancelled the agreements of June 26, 1964. By this agreement it was provided:

"1. The agreement of June 26, 1964, between Hamilton and Commonwealth and Zirpola are hereby cancelled and terminated, and all obligations of the parties hereto to each other are cancelled except as herein below provided.

"2. Effective with the close of business October 15, 1965 a final accounting between Hamilton and Commonwealth shall be had and any moneys owing to Hamilton from Commonwealth shall be paid at such time and in such manner as the parties shall mutually agree."

(6) On this same day, October 13, 1965 the following letter was sent by Hamilton to Derba:

"October 15, 1965

"James J. Derba, Inc.
16 North St.
Boston, Mass.
Gentlemen:

Effective October 14, 1965, the Management of the Royal Colony Restaurant formerly managed by Commonwealth Management has been turned over to Hamilton Service, Inc., 1110 Commonwealth Avenue, Boston, Mass.

You are instructed not to extend credit to the restaurant without prior written approval of Hamilton Service, Inc.

All purchases are to be on a strictly cash basis until further notice.

"Yours truly,
HAMILTON SERVICE INC.
(s) George M. Brown,
*President*"

(7) On or about November 15, 1965 a letter similar in context to the letter of October 15 was sent to Derba by Hamilton to which was added the following postscript:

"P.S. Enclosed please find check for 1/3 of bill ending 9/30/65. We will pay 1/3 in Dec. 1965 and the balance in January 1966. We appreciate your patience in this matter."

On the check enclosed in the letter of November 15, 1965 was a marginal notation referring to "Loss of guarantee Michael Zirpolo Royal Colony Restaurant."

(8) Prior to the receipt by Derba of the above check Derba had no conversation with Hamilton about commencing suit. After receipt of the check of November 15, 1965 Derba consulted its lawyer who called one of the officers of Hamilton and discussed getting money for Derba. From the report it appears that the only statement made by the representative of Hamilton was "The letter speaks for itself". There is in the report evidence to the effect that Derba did not bring suit because it believed the debt would be paid in accordance with the postscript on the letter received about November 15, 1965.

At the close of the evidence the defendant

presented eleven requests for rulings. It is unnecessary to set forth the requests in their entirety. In view of the court's rulings and finding it is sufficient to consider only two of said requests.

■ The court was asked to rule that

(1) If the court finds that the defendant promised to pay to the plaintiff the debt owed the plaintiff by Commonwealth Management, Inc., such promise falls within General Laws, Chapt. 259, sec. 1, (2) and;

(2) If the court finds that the defendant promised to pay to the plaintiff the debt owed to the plaintiff by Commonwealth Management, Inc. in consideration of the plaintiff's forbearance to sue Commonwealth Management, Inc., such promise falls within Chapter 259, sec. 1, (2).

The court denied both of these requests with the notation: "Inapplicable to facts found." However, the court found as a fact that the letters of October 15, November 15, and the check of November 15 sufficed to produce a binding written contract of the defendant to pay to Derba the debt of Commonwealth. This finding was inconsistent with the court's ruling with respect to request for ruling Number 1. This request properly stated the law. If Hamilton agreed with Derba to pay the debt of Commonwealth, it was a promise to pay the debt of another and under the Statute of Frauds

finding to this effect is should have ruled as requested.

Equally valid was the ruling requested by the defendant that a promise to pay the debt of another in consideration of the forbearance of the creditor to sue the debtor comes within the Statute of Frauds. The court denied this request as inapplicable to the facts found, and in finding for the plaintiff found that "there was adequate consideration for the contract." Once again the court denied a request because inapplicable to the facts found, and then proceeded to find the very facts contained in the request.

It is regrettable that the record in this cause has been obscured by so much that is incompetent, irrelevant and immaterial. Based on the declaration the issue was a simple one. However, the record is weighed down with contracts that are strictly res inter alios and which had all been cancelled before the defendant had communicated with the plaintiff. Much of the content of this record is argumentative and could not conceivably have been proved by any kind of competent evidence.

Keeping in mind that the declaration alleges an agreement by Hamilton to pay the debt of Commonwealth in consideration of Derba's forbearance to sue Commonwealth, it is amazing that no evidence whatever appears in the report to suggest that Derba at any time proposed or threatened to sue Commonwealth

or anyone else. The evidence does not warrant a finding that there was forbearance of any sort, and without forbearance the alleged promise of Hamilton is without consideration. *Boyd* v. *Frieze,* 5 Gray 553. *Paul* v. *Wilbur,* 189 Mass. 48, 52-53. *Manning* v. *Anthony,* 208 Mass. 399, 409. *See* v. *Downey,* 256 Mass. 47, 51. *Washington etc. Realty* v. *Friedman,* 263 Mass. 554, 559. Keeping in mind that the entire indebtedness of Commonwealth to Derba was incurred before the letter of November 15 was sent to Derba, the only possible consideration that would support a promise of Hamilton to Derba would be found in either an agreement to forbear at the request of Hamilton, *Robinson* v. *Gould,* 11 Cush. 55. *Boyd* v. *Frieze,* 5 Gray 553, or an agreement to effect a novation by a substitution of debtors. *Tudor Press, Inc.* v. *University Distributing Co.,* 10 Allen 339. There was no novation, and as for forbearance there is no evidence in this report to warrant a finding that there was.

It is unnecessary to consider whether the documents involved in the communications of October 15 and November 15 were properly construed. Without attempting to probe the accuracy of the court's ruling with respect to the legal effect of the letter of November 15, and the check which accompanied it, and assuming that the evidence warranted a finding that Hamilton had agreed to pay the debt of Commonwealth to Derba, we are still left with

a complete absence of consideration, and failing in this there can be no enforceable agreement. *Barber* v. *Rathvon,* 250 Mass. 479, 485.

No useful purpose would be served by ordering a new trial. The court had all the evidence before it and it is difficult under any theory of law to discover the basis for an enforceable claim. **Finding for the plaintiff vacated.** (on merits). **Finding to be entered for the defendant.** (on merits).

KENNETH A. KORB

of Boston for the Defandant.

JEROME P. FACHER

(Hale & Dorr) of Boston for the Plaintiff.